WILLIAM P. HOOPES *vs.* HENRY KNELL, and others.

*Deeds for the benefit of Creditors.—What does and what does not Invalidate—Effect of not Registering in time prescribed.*

A debtor cannot in a voluntary deed for the benefit of creditors, reserve any part of the property for his own benefit, or stipulate for any advantage to himself or family, without rendering the deed void.

On the 26th of September, 1868, K made a deed, for the benefit of creditors, of all her property real and personal to H, who entered into an agreement with K "not to put it on record for a few days." This deed was presented for record and recorded on the 19th of October following. HELD:

1st. That this agreement without other evidence of fraud does not establish a secret agreement under which there was a reservation of any of the property for the benefit of the grantor, and any stipulation in regard to the disposal of it for the advantage of herself or family; nor does it divert any portion of the property from the purposes of the trust, and, consequently, furnishes no ground for declaring the deed void.

2d. That there being no purchasers without notice, contesting the validity of the deed, and no persons claiming to have become creditors since the time of its execution, and its provisions being for the benefit of all the creditors of the grantor, and such a deed as the law authorizes for that purpose, it is not in such prejudice of their rights as to bring it within the provision of our law, requiring under certain circumstances, a conveyance of personal property to be recorded within twenty days.

3d. The registration laws being intended to protect the rights and interests of creditors, it would be subverting their purpose and object to make them the means of defeating by their application a conveyance for their benefit.

A voluntary conveyance for the benefit of creditors is not within the terms of the section of the Code (Art. 24, sec. 51), requiring an affidavit to be made by the grantee, that the consideration was true and *bonâ fide.*

A deed of trust for the benefit of creditors, purporting to convey realty and personalty, even if not sufficient as to the latter, would be valid as to the former.

Deeds of trust for the benefit of creditors, exacting no releases, are not void solely upon the ground that they do not convey all the property of the grantor.

·Appeal from the Circuit Court of Baltimore City.

The facts of the case are sufficiently stated in the opinion of the Court.

The cause was argued before Bartol, C. J., Stewart, Brent, Miller and Robinson, J.

*D. H. Hoopes* and *Benj. C. Barroll,* for the appellant.

The case of *Green & Trammell vs. Trieber,* 3 *Md.,* 11, has no resemblance to this case. There, the Court decided the deed of trust void, on account of reservations in the deed in favor of the grantor. All the property was by the deed reserved to the grantor for at least six months, and on certain conditions for twenty-four months, and after paying certain debts, the *entire residue* was reserved to the grantor.

Here, there is an assignment of the grantor's whole property, real and personal, for. the benefit of all her creditors, and without any reservation or any preferences. Not one dollar is reserved for the benefit of the grantor, or her family, directly or indirectly.

Is the deed void against creditors under the 39th and 46th sections of the 24th Article of the Code, which states that, "*no personal* property of any description whatever, whereof the vendor or donor shall *remain in possession,* shall pass," &c. ?

The grantor here did not remain in possession, and if she had, and the personal property had not passed, that would not affect the real estate conveyed. The deed would be good as to that. A deed conveying both real and personal property may be good as to the *realty,* though not sufficient to convey the personalty. *Stockett, Admr., vs. Holliday and Wife,* 9 *Md.,* 480.

Knell charges that the deed of trust to Hoopes is void, because it does not convey *all* the property. In point of fact the deed *does* convey all the property. But a deed of trust for the benefit of creditors, not requiring *releases*, is valid, though it does not convey all the grantor's property. A deed of trust need not be sworn to. *Fouke vs. Fleming*, 13 *Md.*, 392.

*Samuel Snowden*, for the appellee.

A secret agreement between the grantor and grantee in an assignment for the benefit of creditors, by which the grantor should derive any benefit or advantage, renders the assignment void. *Roberts on Fraud. Con.*, 571; *Burrill on Assignments*, 179; *Green, &c., vs. Trieber*, 3 *Md.*, 11; *Anderson vs. Fuller*, 1 *McMullan*, 27; *Coburn vs. Pickering*, 3 *N. H.*, 415.

In this case, Mr. William P. Hoopes, in his testimony, states that Mrs. Kraft said : "Don't put it on record for a few days, as it may injure me while these troubles are hanging over me, if my creditors knew I had made an assignment; I told her I would wait a few days."

The deed not having been recorded within the time required by law to pass the title to personal property, and not having the affidavit of the grantee, and not conveying *all* the *property* of the grantor, and being a *general* deed of trust for the benefit of creditors, is void. *Code, Art.* 24, *secs.* 39 *and* 46; *Gill vs. Schley*, 2 *Md. Ch. Dec.*, 278; *Hilliard on Real Property*, 355, *secs.* 153, 154.

BRENT, J., delivered the opinion of the Court.

It appears from the record in this case that Mary Kraft, being involved in a criminal charge, on the 26th of September, 1868, executed a deed of assignment to William P. Hoopes, the appellant, of all her property real and personal, for the benefit of her creditors. This deed was

presented for record on the 19th of October following, and was recorded on that day.

On the 30th of November, 1868, Henry Knell, the appellee, filed a bill in behalf of himself and all other creditors of Mary Kraft who might come in and contribute to the costs of the suit, to set aside the deed to Hoopes, and to obtain a decree for the sale of all the property of Mary Kraft, she being confined, as it alleged, under conviction by the Criminal Court of Baltimore City, and unable to attend to her affairs.

The Court below passed a decree setting aside the deed to Hoopes, and directing a sale of the property, and appointing a trustee for that purpose.

From this decree an appeal is taken by Hoopes, and it presents the question of the validity of the deed from Mary Kraft to him as trustee, for the benefit of her creditors.

It was not contended in the argument that this deed is void upon its face. So far as anything in the deed itself is contained, it is beyond all question valid. It devotes the entire property mentioned in it to the payment of creditors, without exacting releases or reserving to the grantor any benefit or advantage. It disposes of the property absolutely, and makes no reservation from which even an inference might be drawn of an intent to reserve any part of it for the benefit of the debtor, or in any way to hinder and delay creditors.

But it is said that, after the execution and delivery of the deed, the grantor requested Hoopes, the trustee named in it, " not to put it on record for a few days, as it might injure her while these troubles were hanging over her, if her creditors knew she had made an assignment," and that he told her " he would wait a few days,"—and that this forms a secret agreement, from which the grantor derived such benefit or advantage as renders the assignment void.

Hoopes *vs.* Knell, *et al.*

That a debtor cannot, in a voluntary deed for the benefit of creditors, reserve any part of the property for his own benefit, or stipulate for any advantage to himself or family without rendering the deed void, is unquestioned law, and has been well settled by the decisions of this Court. *Green & Trammell vs. Trieber,* 3 *Md.,* 11. But an agreement after the execution of the deed "not to put it upon record for a few days" does not bring it within the operation of this principle. This fact connected with others might be some evidence of actual fraud, but it cannot be understood as establishing, by any construction which the testimony would warrant, a secret agreement under which there was a reservation of any of the property for the benefit of the grantor, or any stipulation in regard to the disposal of it for the advantage of herself or family. It does not divert any portion of the property from the purposes of the trust, and furnishes no sufficient ground for declaring this deed to be void.

Its validity is also attacked upon the ground, that being an assignment of personal as well as real property, there should have been endorsed upon it an affidavit of the grantee, that the consideration was true and *bonâ fide,* and farther, that it should have been recorded within twenty days.

Supposing these objections to be well founded, they only reach the personal property intended to be conveyed. This deed is recorded within the time prescribed for conveyances of real estate. *Art.* 24, *sec.* 13. It would be valid as to the realty, even if not sufficient to convey personalty. *Stockett, Admr., vs. Holliday,* 9 *Md.,* 480. Deeds of trust for the benefit of creditors, exacting no releases, are not void solely upon the ground that they do not convey all the property of the grantor.

But we do not think a voluntary conveyance for the benefit of creditors is within the terms of the section of the Code (*Art.* 24, *sec.* 51), requiring an affidavit to be made

by the grantee. That section by its very language is confined exclusively to bills of sale and mortgages of personal property—the deed in question is neither, and does not fall within the letter or the spirit of the law. The conveyances that are within its design and meaning, are such as convey to the grantee a title in the property adverse, as well to creditors as to all others, or are such as are intended to secure a particular debt.

The objection, that this deed is also invalid as to personal property, because not recorded within twenty days, is equally unfounded, so far at least as the case is presented by this record. It certainly would not be held good, if in prejudice of subsequent creditors or purchasers in good faith, without notice. But such is not the case before us. There are no purchasers without notice, contesting its validity, and there are no persons claiming to have become creditors since the time of its execution. Its provisions being for the benefit of all the creditors of the grantor, and such a deed as the law authorizes to be made for that purpose, it is not in such prejudice of their rights as to bring it within the provision of our law, requiring, under certain circumstances, a conveyance of personal property, to be recorded within twenty days. While the registration laws are intended to protect the rights and interest of creditors, it would be subverting their purpose and object to make them the means of defeating, by their application, a conveyance for their benefit.

As to the deed being fraudulent in fact, and not such a deed as Mary Kraft, the grantor, intended to make, and did know she had signed and executed, but little is required to be said. This is a matter of proof. The only evidence offered in support of it, is that of Mary Kraft herself. Her testimony, to say nothing of her conviction of a criminal offence as affecting its credibility, is not sufficiently consistent and satisfactory to establish so grave and serious a charge, even if it stood uncontradicted. But

contradicted as it is, by the testimony of both the Messrs. Hoopes, in the clearest and most decided terms, we have not hesitated in concluding that the whole weight of testimony is with the appellant, and that the charge of fraud is unsupported and unfounded.

Entertaining these views, we think there is error in the decree of the Court below in pronouncing the deed to Hoopes to be fraudulent and void. It must, therefore, be reversed, and Hoopes will be permitted to proceed, without delay, in the discharge of his duties as trustee, under the deed in question, in accordance with its provisions. As all the property of Mary Kraft is included in that deed, the bill in this case should be dismissed.

We will remand the case, that an order of dismissal may be passed by the Court below, after such further proceedings are there had, as may be necessary for the proper accounting and discharge of the receiver, and also of the trustee appointed under the decree appealed from.

*Decree reversed, and cause remanded.*