(Decided 15th February, 1871.)

---

# HENRY KNELL *vs.* THE GREEN STREET BUILD-ING ASSOCIATION.

*Priority of Mortgages, recorded within six months from their date, over later Judgment liens—Construction of the Code, Article XXIV, section 16, relating to the Recording of Mortgages.*

A judgment creditor is not a purchaser or mortgagee, within the letter or spirit of Article 24, section 16, of the Code.

Where a judgment is recovered subsequent to the date of a *bona fide* mortgage, not recorded at the time of recovery of the judgment, but recorded afterwards within the time prescribed by law, the judgment binds only the equity of redemption, and must be postponed to the rights of the mortgagee, without regard to the question of actual notice.

APPEAL from the Circuit Court of Baltimore City.
The facts are given in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ALVEY and ROBINSON, J.

*Samuel Snowden*, for the appellant.

The account under the mortgage to the appellee should have been stated in accordance with the rule laid down by this Court. *Robertson vs. Am. Hm. Asso.*, 10 *Md.*, 397.

The mortgage is in the usual form of a Building Association mortgage. The account filed by the association contains no reference to the mortgage, and is not stated in accordance with its provisions; there is therefore no proof of any claim under said mortgage.

There is no proof that the judgment creditor had any knowledge of the existence of the mortgage of the appellee prior to the loan made by him, but the proof is that he had no notice. And the assignee of the judgment creditor is protected by the want of notice to his assignor. *Hagthorp vs. Hook*, 1 *G. & J.*, 270.

The design of the registry laws is to give notice to all the world, to avoid abuses and deceits by mortgages and pretended titles, and for the protection of. creditors and purchasers, and they should be so construed as to effect those objects. *Nelson vs. Hagerstown Bank*, 27 *Md.*, 57; *Johnston vs. Canby*, 29 *Md.*, 211.

*John C. King*, for the appellee.

A judgment creditor is not a purchaser for value, and must stand or fall by the real, and not by the apparent rights of the judgment debtor. 2 *Story's Equity*, secs. 1229, 1503; *Whitworth vs. Gaugain*, 3 *Hare*, 416; 2 *Leading Cases in Equity*, (*Hare and Wallace*,) 108; *Jackson vs. Dubois*, 4 *Johns.*, 216; *Shryock vs. Wagoner*, 4 *Casey*, 430.

Having a right to dictate the security, if he prefers a judgment which binds all the debtor's property, whether more or less, instead of a mortgage which only covers what is specially mortgaged, he must abide by that choice, and he cannot sub-

sequently invest either security with the attributes of the other. *Marsh vs. Lee*, 2 *Ventris*, 337; *Brace vs. Duchess of Marlborough*, 2 *P. Wms.*, 491; *Atlantic Ins. Co.*, 1 *Peters*, 388, 444; *Keirsted vs. Avery*, 4 *Paige*, 14; *Rodgers vs. Gibson*, 4 *Yeates*, 111; *Heister vs. Fortner*, 2 *Binney*, 40; *Hart vs. Farmers and Mechanics' Bank*, 33 *Vermt.*, 252; 2 *White and Tudor's Equity Cases*, (*Am. Ed.*,) 75, 79.

Even if the judgment creditor had demanded a mortgage, it would have been a fraud in his debtor to have given it, and when she has not given it, equity will not commit the wrong which the parties themselves never contemplated doing. *Cadbury vs. Duvall*, 1 *Am. Law Reg.*, 105; *Wilkes vs. Harper*, 2 *Barbour's Ch.*, 338, 355; *White vs. Denman*, 1 *Ohio N. S.*, 112.

Under the provisions of the Code, while the first deed or mortgage recorded, shall take precedence, if made *bona fide*, &c., a party who has not availed himself of the provisions of the Act cannot claim its protection against a party who holds a *bona fide* deed or mortgage recorded within the time prescribed by law. *Code Pub. Gen. Laws, Art.* 24, *secs.* 13, 16, &c.; *Ratcliffe vs. Sangston*, 18 *Md.*, 383.

BARTOL, C. J., delivered the opinion of the Court.

This is a contest with regard to the proper distribution among creditors of a fund arising from the sale of certain leasehold property of the common debtor, Mary Kraft.

The appellee claims as mortgagee of the specific property sold; the appellant claims as creditor upon a judgment recovered against the debtor and mortgagor, after the date of the execution of the mortgage, and before it had been recorded. The mortgage was duly executed and acknowledged on the 19th day of June, 1868, and was placed on record on the 30th day of November, 1868. The judgment under which the appellant claims was confessed by Mary Kraft, in favor of Charles Thompson, on the 26th day of September, 1868, and was assigned to the appellant on the 24th day of Decem-

ber, 1868. The judgment was for $2,000, which it appears by the proof was for money loaned by Thompson to Mrs. Kraft at the time; the judgment being given as a security therefor. On the same day Mrs. Kraft made a voluntary deed to William P. Hoopes, conveying all her property in trust for the benefit of her creditors, giving priority to "all judgments and record liens of every kind." Afterwards, on the 11th day of November, 1868, she made another deed, conveying to Henry Knell, the appellant, all her property of every kind in trust for the payment of her debts. Knell, the grantee, in the second deed, filed a bill impeaching the first deed as fraudulent; but by the decision of this Court, 31 *Md.,* 550, the validity of the deed to Hoopes was established.

In the meantime the property was sold by Samuel Snowden, Esq., receiver, and the fund arising from the sale being insufficient to pay both the judgment and the mortgage, it becomes necessary to decide which is entitled to priority. The question arises upon the appellant's exceptions to the auditor's report and account E, made in conformity with the opinion and direction of the Circuit Court, by which the fund is applied in part payment of the mortgage, to the exclusion of the judgment. The mortgage was duly executed, acknowledged and recorded, within six months from its date, as required by the Code, Article 24, sections 1, 13, 28.

Section 14 provides that when so acknowledged and recorded, "*it shall take effect, as between the parties thereto, from its date.*" By the operation of this section, so far as Mrs. Kraft is concerned, the mortgage being recorded within six months after its date, as required by the Code, related back and took effect from its date, the 19th day of June, 1868. The judgment in favor of Thompson was rendered on the 26th day of September thereafter, when the only estate and interest of Mary Kraft in the property, upon which the judgment was a lien, under the Act of 1861, chap. 70, was the equity of redemption. The general rule is that a judgment

is a lien only on the debtor's interest and estate in the land; a purchaser under an execution takes only the estate belonging to the debtor in the judgment and execution.

But it is contended by the appellant, that as against a judgment creditor, without actual notice of the mortgage, that instrument operates only from the time it is recorded. In support of this position we have been referred to the 16th section of Article 24, of the Code. That section relates only to the case "when there are two or more deeds conveying the same lands or chattels real," and provides that "the deed or deeds first recorded according to law, shall be preferred, if made *bona fide* and upon good and valuable consideration," and the section by its terms applies "to all deeds of mortgage and to all other deeds or conveyances, to the validity of which recording is necessary." A judgment creditor is not within the letter, or spirit of this provision, and cannot claim its protection. It is intended to protect against unrecorded deeds and mortgages, the title of a *bona fide* mortgagee, or purchaser, for value, who perfects his title, by having his deed first recorded. If the 16th section had been designed to protect the rights of a judgment creditor, apt words for that purpose would have been employed. But he is neither in fact nor in law a *bona fide* purchaser, as has been often decided.

In the case of the *Duchess of Marlborough*, 2 *Peere Wms.*, 491, it was said "one cannot call a judgment creditor a purchaser, nor has such creditor any right to the land; he has neither *jus in re*, nor *ad rem*."

In *Rodgers vs. Gibson*, 4 *Yeates*, 111, and in *Heister vs. Fortner*, 2 *Bin.*, 40, it was decided that a judgment creditor is not considered a purchaser or mortgagee within the words of the recording Act of Pennsylvania of the 18th of March, 1775. The provisions of that Act were similar to those contained in the 16th section of the Code. These decisions were followed in *Cover vs. Black*, 1 *Pa.*, 493, where Chief Justice GIBSON said, in referring to *Rodgers vs. Gibson*, and *Heister vs. Fortner*, "it is true the question turned on the interpreta-

tion of the Statute; but even a purchaser would not have been protected without it; for the first conveyance of the title takes precedence of all others, with or without notice, at the common law, and the same rule holds in England as to equities, as it does here as to those not within the recordings acts, by whose force alone it has been inserted. In each of the cases cited, the judgment was postponed to the unrecorded deed, not because the Statute had condemned it, but because it had not interposed to save it. It was postponed because no interpretation could bring it within the spirit or the letter."

As very well expressed by Justice HARE, in *Cadbury vs. Duval*, 1 *Am. Law Reg.*, 109, "it is settled that a judgment creditor is neither a purchaser in the technical or limited sense in which the term is used in equity, nor in that in which it is used in the recording acts of this country, and must stand or fall by the real, and not by the apparent, rights of the defendant in the judgment."

In disposing of the question of priority in this case, we think it unnecessary to inquire whether the judgment creditor had or had not actual notice of the mortgage when he obtained the judgment. According to the well settled rule to which we have referred, the judgment binds only the equity of redemption, and must be postponed to the rights of the mortgagee, without regard to the question of actual notice, there being no evidence impeaching the *bona fides* of the mortgage, and it being recorded within the time prescribed by law.

Sections 19, 20 and 21, Article 24, of the Code, have no application to the case, they refer to absolute deeds; and mortgages are in terms excepted from their operation.

In the argument on the part of the appellant, some objection was made to the allowance of the mortgage claim for alleged want of proof, and because it is not stated in conformity with the rule laid down in *Robertson's case*, 10 *Md.*, 397. This last objection does not appear to have been insisted on below, it is not referred to in the opinion of the Judge of the Circuit Court, was not argued by the appellee,

and we do not understand the appellant's solicitor as asking for a reversal of the decree for that reason. The fund is insufficient to pay the mortgage claim as exhibited, and it is not shown that by stating it in a different way, and according to the rule established by the case referred to, any benefit would inure to the appellant, or that he is prejudiced by the decree in that respect. The mortgage is established by the proof; and as we concur with the Circuit Court in the opinion that the debt thereby secured is entitled to be paid in preference to the judgment held by the appellant, the order ratifying the auditor's account, from which this appeal was taken, will be affirmed.

*Order Affirmed.*

(Decided 15th February, 1871.)