## Blank *v.* Kline, Appellant.

*Deed—Charge on land—Sheriff's sale—Divorce—Lien.*

A husband and wife conveyed land by deed subject to and charged with
the payment of the legal interest of a certain sum of money to the grantor
and his wife, annually, during their joint lives, and to the wife during
her life if she survived the husband; and also subject to and charged with
the payment of the said principal sum to the husband at the decease of his
wife, if he survived her, and if the wife survived her husband then at her
death said sum was to be paid to the child or children of the said wife by
her said husband, then living, and to the lawful issue of any of them then
dead per stirpes, in equal shares and parts; and if the wife survived her
husband, and died without leaving a child or children by her said husband,
or the issue of any deceased child by him, then said principal sum was to
go to and be paid to the lawful heirs of the said husband.   On the same day
the grantee reconveyed the same premises to the husband, subject to the
same charge.   Subsequently the land was sold by the sheriff, and some
years after the sheriff's sale the husband and wife were divorced.   *Held:*

(1) That the charge or lien created by the deed was not divested by the
sheriff's sale.

(2) That the interest of the wife in the charge thus created was not divested by her subsequent divorce from her husband.

(3) That the lien of the charge, to the full amount thereof, extended to every part of the land conveyed, and, upon a division of the land, the lien could not be apportioned without the consent of the parties for whose benefit it was created; and hence the wife was entitled to collect the whole of the interest due her from the present owner of the land.

Argued May 16, 1893. Appeal, No. 269, Jan. T., 1893, by defendant, John H. Kline, from judgment of C. P. Lancaster Co., June T., 1889, No. 7, on verdict for plaintiff, Charlotte Blank. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Assumpsit to enforce charge on land.

The facts appear by the opinion of the court below.

At the trial the court directed a verdict for plaintiff, reserving the questions of law stated in the following opinion, by McMULLEN, J.:

" The facts as put in evidence and not disputed are as follows :

" John S. Blank and Charlotte, his wife, on May 22d, 1845, executed and delivered to George Ford, Esq., a deed for a lot of ground in the city of Lancaster, on the south side of West King street, containing in front on said street fifty-one feet, and extending in depth southward to Manor street.

" The conveyance was made for and in consideration of the sum of money hereinafter charged and of the sum of five hundred dollars to them in hand paid. The charge referred to is as follows, viz.:

" 'Subject to and charged with the payment of the legal interest of a principal sum of eleven hundred and fifty dollars to said John S. Blank and Charlotte his wife, the grantors herein, annually during their joint lives, and to the said Charlotte during her life if she survives her said husband, John S. Blank. And also subject to and charged with the payment of the said principal sum of eleven hundred and fifty dollars to said John S. Blank at the decease of his wife, the said Charlotte, if he survives her, and if said Charlotte survives her said husband, then at her death said sum to be paid to the child or children of said Charlotte by her said husband, John S. Blank, then liv-

ing, and to the lawful issue of any of them then dead, per stirpes, in equal shares and parts, and if said Charlotte survive her said husband and die without leaving a child or children by said John S. Blank, or the issue of any deceased child by him, then said principal sum to go and be paid to the lawful heirs of the said John S. Blank.'

" And on the same day, the said George Ford, Esq., by deed poll indorsed on the aforesaid indenture, reconveyed the same premises for the same consideration and subject to the same charge to the said John S. Blank, his heirs and assigns.   These conveyances were duly recorded on the day of their date, in the recorder's office at Lancaster, in Record Book A, Vol. 7, at page 321, etc.

" Blank continued to own the portion of the property fronting on West King street until August 18, 1862, when it was sold by the sheriff—the house and lot now owned by John H. Kline, defendant in this suit, for $300, and the one adjoining for $800—to George M. Steinman.

" On January 29, 1863, George M. Steinman and wife conveyed the part now owned by Kline to Mary Diller, and she, on May 30, 1867, conveyed the same to John H. Kline, the present owner, and defendant in this suit.

" John S. Blank appears to have subsequently separated from his wife, and she commenced proceedings in divorce, to December Term, 1872, No. 12, and on February 24, 1873, obtained a decree in divorce, a. v. m.

" John S. Blank died in Philadelphia on October 8, 1884, and Charlotte Blank, the widow, now sues for the interest on the said sum of $1150 charged in the deed, from the time of her husband's death.

" No interest was ever paid by John H. Kline to John S. Blank in his lifetime, nor to the widow since his death, nor was any demanded from him until a short time before this suit was instituted.

" The foregoing facts are to be considered as having been found by the jury, and the following questions were reserved and are now before the court, viz:

" 1.   Whether or not, John S. Blank having been sold out by the sheriff, while being in possession of the land, of which John H. Kline is the present owner, the charge or lien was divested by the sheriff's sale.

" 2. Whether or not Mrs. Charlotte Blank, having been divorced in February, 1873, and being no longer the wife of John S. Blank, by the divorce she became divested of all claims and rights as wife of John S. Blank.

" 3. Whether or not in case any recovery could be had, interest could be claimed by the plaintiff on more than $324.31, the proportion of the $1150, the principal amount of charge or lien on land originally covered by the lien, corresponding to the portion of the land now owned by Kline.

" ' The sum of the authorities ' is said in Hiester v. Green, 48 Pa. 96, to be ' that though equitable liens are not favored by our law, yet parties may by clear and express words in deed of conveyance create liens upon land, either for purchase money or for performance of collateral conditions, which will be binding between themselves and their privies, and such liens will be divested by subsequent sheriff's sales unless they are in the nature of testamentary provisions for wives and children, or are not capable of valuation, or are expressly created to run with the land.'

" In Heist v. Baker, 49 Pa. 9, where the guardian of minor children had sold the land of his wards, and the mother had become the purchaser, ' under and subject, nevertheless, to the payment of the sum of $1,932$\frac{52}{100}$ at the decease of said Elizabeth Gross (the purchaser) unto Ann Eliza, and Rachael Gross (the wards) or their legal representatives,' the court, in referring to Hiester v. Green, say : ' There there was no express charge upon the land, and here there is. Such is our repugnance to implied or constructive liens that we refused to treat a recitation of unpaid purchase money as a lien, though standing in the channel of the title, and we desire to be understood as having refused after great consideration of the subject, but where it is expressly charged, the lien must be supported. It is the distinction between express and implied liens.'

" In Dewalt's Appeal, 20 Pa. 236, it is said : ' True, the law seeks to discharge liens as far as possible by judicial sales ; but it cannot do so in all cases. And it will in no case do so where the charge stands in the title and can be discharged only by the court undertaking to administer the fund by investing it in order to fulfill the purposes of the charge. That is the case here. Dewalt and wife are entitled to the interest so long as

either of them lives, and then the principal is to be paid to their daughters; no one therefore is now entitled to receive it, and the court will not and ought not to undertake to administer it so as to provide a substitute for the plan devised by the parties.'

"It is true that in Mackason's Appeal, 42 Pa. 330, it was held that one sui juris cannot, as against creditors either prior or subsequent, settle his property in trust for his own use for life and over to his appointees by will, and in default of such appointment to the use of his lawful heirs in fee. But this is a different case. There Bartram conveyed his property to trustees to hold and receive and collect the rents, and pay them over to him, the grantor, or his appointee, during his natural life, and at his decease to hold the same to the use of his devisees or heirs-at-law. And the court very properly held that he could not by such device place his property beyond the reach of subsequent creditors.

" [ In the present case the provision is for the wife and is incorporated in the title. The charge is made in express terms, by apt words and in such language as clearly indicates that it is intended to run with the land until the decease of Blank and his wife.]   [2]

"We must therefore hold that the lien was not divested by the sheriff's sale of the land while in the possession of John S. Blank.

" [We are further of opinion that the rights of Charlotte Blank became vested and fixed at the time of the execution of the deeds of conveyance of May 22, 1845, and thereafter were not dependent upon the relation between her and her husband at the time of the death of the latter, and that therefore her claim was not divested by her divorce from her husband, John S. Blank, on her own petition.]   [3]

" [Neither do we entertain any doubt but that the lien of the charge created by the deeds of conveyance of May 22, 1845, extended, as to the whole thereof, to every part of the land, and could not be apportioned, on a division of the land, without the consent of the parties for whose benefit it was created. In the absence of any such agreement on the part of Charlotte Blank, therefore, she may collect the interest due on the whole sum charged from the owner of any portion of the land.]   [4]

" The rule to show cause why judgment should not be entered in favor of the defendant non obstante veredicto is therefore discharged and judgment is now entered upon the verdict, in favor of the plaintiff and against the defendant for the sum of three hundred and eighty-one dollars and thirty-seven cents ($381.37) with interest from October 17, 1892, and costs of suit. "

*Errors assigned* were (1) entry of judgment; (2–4) portions of opinion, quoting them.

*A. C. Reinoehl* for appellant, cited: Strauss's Ap., 49 Pa. 353; Mackason's Ap., 42 Pa. 330; Ghormley v. Smith, 139 Pa. 584, Act of March 13, 1815, § 8, 1 Purd. Dig. p. 615, pl. 15; Miltimore v. Miltimore, 40 Pa. 151.

*John E. Malone, Brown & Hensel* with him, for appellee, cited: Bear v. Whisler, 7 Watts, 144; Dewalt's Ap., 20 Pa. 236; Hiester v. Green, 48 Pa. 96; Hiest v. Baker, 49 Pa. 9; Strauss's Ap., 49 Pa. 353; Thomson v. Dougherty, 12 S. & R. 448.

PER CURIAM, May 31, 1893:

There is no dispute as to the controlling facts in this case. They are clearly stated in the opinion of the learned judge of the common pleas, discharging the rule to show cause why judgment non obstante veredicto should not be entered for defendant on the questions of law, subject to which the verdict was taken. In disposing of those questions he rightly held: (1) That the charge or lien created by the deed of John S. Blank and Charlotte, his wife, (present plaintiff) to George Ford, Esquire, May 22, 1845, was not divested by the sheriff's sale in August, 1862; (2) that the interest of Mrs. Blank in the charge thus created was not divested by her subsequent divorce from her husband in February, 1873; and (3) that the lien of the charge, to the full amount thereof, extended to every part of the land conveyed, and, upon a division of the land, the lien could not be apportioned without the consent of the parties for whose benefit it was created; and hence the plaintiff has a right to collect the whole of the interest due her, as found by the verdict, from the present owner of the land.

These conclusions are amply vindicated in the opinion referred to, and therefore warranted the entry of judgment on the verdict for the amount found by the jury. Further comment is unnecessary. Neither of the specifications of error is sustained. The judgment is affirmed on the opinion of the court below.