## Charles Davey *v.* C. Wesley Ruffell, Appellant.

[Marked to be reported.]   *See* 259 Pa 267

*Deeds—Recording acts—Act of May 19, 1893.*

The act of May 19, 1893, P. L. 108, relating to the recording of deeds, is effective to change the law as it stood before, in only one particular, viz: it reduces the time within which a purchaser must record his deed from six months to ninety days; in all other respects the law remains as it was before.

The words "or creditors of the grantor or bargainor," in the act of May 19, 1893, are inoperative, as there is no method provided, either by the act of May 19, 1893, or by any other act, by which such creditors may place themselves upon the record in advance of a deed or mortgage.

*Constitutional law—Statutes—Title of act—Notary.*

As the act of March 18, 1775, requires all conveyances to be recorded, the subject of the amendment proposed in the title of the act of May 19, 1893, P. L. 108, "requiring certain conveyances to be recorded," falls for want of anything upon which it may take effect.

The amendments in the act of May 19, 1893, relating to the officers before whom acknowledgments may be taken, and their powers, are inoperative, as there is no hint in the title of the act of a purpose to change the manner of taking acknowledgments, the officers before whom they could be taken, or the jurisdiction or powers of such officers.

Argued March 27, 1894.   Appeal, No. 228, Jan. T., 1894, by defendant, C. Wesley Ruffell, from judgment of C. P. No. 4, Phila. Co., in favor of plaintiff, Charles Davey, on case stated. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.   Affirmed.

Case stated.

The case stated was as follows :

" On Nov. 27, 1893, Charles Davey agreed to sell to C. Wesley Ruffell a vacant lot of ground in the city of Philadelphia.

" Subsequently, in fulfillment of this contract, Charles Davey tendered to C. Wesley Ruffell a deed in the usual form, duly executed and acknowledged before Christopher Fallon, duly commissioned a notary public for the commonwealth of Pennsylvania, to reside in Wayne, Delaware county, Pennsylvania, the said notary being a resident of said Delaware county. Said acknowledgment was taken in the county of Philadelphia, in which latter county the said notary did not reside. A copy of said deed is hereto annexed.

" Charles Davey had acquired title to said vacant lot of ground by deed from the Elmwood Mutual Land & Improvement Co., dated June 16, 1888, and acknowledged on the same day. This deed has never been recorded.

" Since June, 1888, the taxes against said lot have been assessed in the name of Charles Davey and paid by him.

" The lot being a vacant city lot has not been occupied by any one and nothing other than the payment of taxes has been done by Charles Davey to publicly indicate possession by him.

" There are no judgments against the Elmwood Mutual Land & Improvement Co. No conveyances or mortgages by it of the above lot have been entered of record. Charles Davey is unable to give to C. Wesley Ruffell any information as to whether, either on June 16, 1888, or at the present time, there are creditors of said company, not lien creditors, and has declined to indemnify C. Wesley Ruffell against attacks by such creditors.

" C. Wesley Ruffell declined to accept the tender of the deed above mentioned and to pay the purchase money. He alleges as the ground of his refusal that the title tendered is not marketable because :

" 1. The deed from the Elmwood Mutual Land & Improvement Co. to Charles Davey, dated June 16, 1888, not having been recorded within ninety days from the passage of the act of May 19, 1893, is fraudulent as to any possible creditor of said company.

" 2. The deed tendered to C. Wesley Ruffell, and which was executed Dec. 8, 1893, and acknowledged on the same day before Christopher Fallon, Jr., a notary public for the commonwealth of Pennsylvania, residing in Wayne, Delaware county, Pennsylvania, was not acknowledged before an officer author-

ized by said act of May 19, 1893, to take such acknowledgment, and the said deed, even if admitted to record, would be fraudulent or invalid as against any subsequent conveyance or mortgage made by grantor, or as against any of his creditors.

" If the court be of the opinion that neither of the objections made by C. Wesley Ruffell to the title of Charles Davey to the said property, and to the acknowledgment of the deed tendered, is sufficient to prevent the said title from being a good and marketable title, and that upon the facts above stated the said Charles Davey is entitled to recover the purchase money of said property on the said contract of sale, then judgment to be entered for the plaintiff for the amount of said purchase money.

" If the court be of opinion that both of said objections are valid, then judgment to be entered for defendant. '

" If the court be of opinion that the acknowledgment of the deed, executed Dec. 8, 1893, and tendered to C. Wesley Ruffell is valid and that the title to said premises is not invalid or unmarketable on that account, but that the objection to the deed from the Elmwood Mutual Land & Improvement Co., dated June 16, 1888, is sufficient to render the title unmarketable because of the rights of possible creditors of said company not of record, then judgment to be entered in favor of plaintiff, conditional upon the plaintiff furnishing to defendant within ten days from said judgment, indemnity satisfactory to defendant against any claims of such creditors. The costs to follow the judgment and either party reserving the right to sue out a writ of error therein."

The court, in an opinion by ARNOLD, J., 3 Dist. R. 75, entered judgment for plaintiff on the case stated. Defendant appealed.

*Error assigned* was above order.

*J. Willis Martin, John Houston Merrill* with him, for appellant.—Statutes are to be so construed as best to effectuate the intention of the legislature, which should be followed with judgment and discretion, although such construction may seem contrary to the letter of the statute : Howard Association's Ap., 70 Pa. 344 ; Weister v. Hade, 52 Pa. 474 ; Com. v. Mc-

Closkey, 2 Rawle, 374; Gyger's Est., 65 Pa. 311; Bradbury
v. Wagenhorst, 54 Pa. 180; Rich v. Keyser, 54 Pa. 86.

If two statutes on the same subject are mutually repugnant
and irreconcilable, the later act, without any repealing clause,
in the absence of expressed intention, operates as a repeal of the
earlier: Johnston's Est., 33 Pa. 511; Fries v. Null, 154 Pa.
573.

The act of 1893 repeals the act of 1775 as to notaries.

Notice is the whole object of the recording acts. They fur-
nish creditors with notice of the title to real property and the
incumbrances thereon.   Land in this country, no less than
other property, has always been held liable to execution for
the payment of debts.   Even prior to the passage of the act of
1893, fraudulent conveyances intended to place property be-
yond the reach of creditors were held void.   This act made a
further extension of this policy, and the proviso is reasonable
which requires that prompt notice be given, to those who deal
with the owner, of transfer of title to the land: List v. Rod-
ney, 83 Pa. 483.

The claim of creditors, since the passage of this act, is sim-
ilar to that which exists against decedent's estates: Bruch v.
Lantz, 2 Rawle, 392; Graff v. Smith, 1 Dall. 481.

The penalty for failure to record is that the deed shall be
considered fraudulent and void as to subsequent creditors, etc.


*John G. Johnson,* for appellee.—The amending act of 1893
does not repeal the system of legislation enacted between 1775
and 1893, which provided a method of acknowledging within
this state deeds of Pennsylvania realty: Acts of March 18,
1814, P. L. 144; Aug. 10, 1864, P. L. 962; May 19, 1893, P.
L. 108; May 25, 1893, P. L. 136; June 6, 1893, P. L. 323;
Share v. Anderson, 7 S. & R. 43.

If the act of 1893 means what appellant says, it is unconsti-
tutional by reason of its defective title: Luzerne Water Co.
v. Toby Creek Water Co., 148 Pa. 571; Brown's Est., 152 Pa.
401.

If the act of 1893 was not an amendment, but was an inde-
pendent act, it did not disclose, with any clearness, an intention
to repeal the system of acknowledgment provided between the
years 1775 and 1893: Smith v. Wehrly, 157 Pa. 411; Pennock

v. Hart, 8 S. & R. 378; Jaques v. Weeks, 7 Watts, 269; Hendrix's Account, 146 Pa. 289.

The act of 1893 is an amendment of the act of 1775, and, for any purpose of repeal by implication, must be considered as an act of 1775.

A failure to record a deed within ninety days of its execution does not entitle the simple contract creditors of the grantor to treat the same as fraudulent and void: 20 A. & E. Ency. L. 577; Webb on Record of Title, § 10; Martin v. Dryden, 1 Gilman, 213; Mellon's Ap., 32 Pa. 129.

OPINION BY MR. JUSTICE WILLIAMS, July 11, 1894:

The important facts in this case are few. They have been relieved of all uncertainty by the agreement of the parties embodied in the case stated. The legal questions raised by them relate to the construction and effect of the act of assembly of May 19, 1893, P. L. 108.

Prior to the passage of that act we had a system for the acknowledgment of deeds and mortgages, and for recording the same, which was the outgrowth of more than one hundred years of experience and legislation. It was well understood by the public, and titles were made under its provisions with ease and with reasonable certainty. This act has introduced ·confusion and uncertainty to such an extent that cautious conveyancers are advising purchasers that no title can be said to be secure until fortified by a decision of the courts of law. This case is one of a multitude made up to determine whether the buyer of real estate can safely pay his purchase money and take his vendor's title, since the passage of the act of 1893.

It is important therefore to examine this piece of legislation in order to determine, if possible, the legislative intent, and the manner and extent to which such intent has been effectuated by the several provisions of the act. We may gather the intent of the legislature from the title to the act and from the preamble. Since the adoption of the constitutional provision that requires that every bill shall relate to but one subject and that subject shall be clearly expressed in its title, the title alone should disclose the legislative purpose. The title to this act is as follows: " An act to amend an act entitled a supplement to the act entitled an act for acknowledging deeds passed

March eighteenth one thousand seven hundred and seventy-five, requiring the recording of certain conveyances, and designating the time within which they shall be recorded." This discloses a purpose to amend the act of 1775, and states the subjects of the amendments proposed to be made, first, "requiring certain conveyances to be recorded," and next "designating the time within which they shall be recorded." We should expect therefore to find in the body of the act two provisions, one of which should bring within the range of the recording acts conveyances not previously within them, and another which should either enlarge or diminish the time allowed for recording all conveyances. These are the expressed purposes of the act appearing in its title, and, when a well settled system of legislation is to be amended, the rule expressio unius exclusio alterius ought to apply. The intent of the legislature as arrived at from an examination of the title selected to express its purpose is to amend the recording acts in the two particulars already named. But this act has also a preamble. In it is set forth the mischief in the old law for which a remedy was needed. This mischief was that by "secret ways of conveying lands, tenements and hereditaments, such as are ill disposed have it in their power to commit frauds." The preamble therefore points to the same purpose as the title, viz, to give greater publicity to conveyances by requiring them to be recorded, and within a less time than was allowed by the law it was proposed to amend. Any provisions contained in the body of the act that are directed to either of these purposes are within the title and within the mischief described by the preamble. Any provisions not relating to these purposes are neither within the subject expressed in the title, nor the mischief described in the preamble, and are in violation of the constitutional provision already referred to. It remains to apply this test to the several provisions of the act in order to determine their effect.

The act of 1775 to which this act is a supplement, and into which it must be read, required "all deeds and conveyances" to be recorded. There was therefore no class of deeds and conveyances left outside of its provisions for which the act of 1893 could provide, and the first of the two particulars in which a purpose to amend was expressed in the title of the

act of 1893 necessarily falls for the want of anything upon
which it could take effect. The very words of the act of 1775
requiring all deeds and conveyances to be recorded are re-
peated without change in the act of 1893, so that the rule upon
this subject continues unchanged. The other subject referred
to in the title and the preamble is the time to be allowed for
recording. This is made the subject of a distinct provision
fixing ninety days instead of six months, which was the period
allowed by the old law. There is no doubt about the power of
the legislature to make this change, or about the constitution-
ality of the manner in which it is made. To this extent there-
fore the act of 1893 is valid and operative. But a law must
be capable of enforcement or it degenerates into mere advice.
It would seem therefore to follow logically that the right to
change the time within which recording should be done, carried
with it the right to fix the consequences of a failure to record
within the required time. As the title gave notice of the pur-
pose to change the time allowed, it may be fairly held that
notice of such provisions as were necessary to enforce obedi-
ence to the new rule was necessarily involved. We inquire
therefore in the next place what changes, if any, have been
made in the old law in regard to the consequences of a failure
to record within the new period fixed by the act of 1893?
The old law provided that if the holder of a deed failed to
place it on record within six months after its execution, it
should be held to be fraudulent and void as to subsequent
purchasers and mortgagees whose deeds or mortgages should
be recorded before his own. The act of 1893 repeats this pro-
vision verbatim, and adds to it these words, " or creditors of
the grantor or bargainor;" so that the penalty provided for a
failure to record in time is to let in three classes of persons :
subsequent purchasers, subsequent mortgagees and "creditors
of the grantor." As to the first and second members of this
class the law is well settled by the act of 1775 and by a long
line of decisions under it. They must be subsequent pur-
chasers or mortgagees, acquiring their rights after the acknowl-
edgment and delivery of the unrecorded deed, and they must
be on the record before that deed gets there. The act of 1893
places " creditors " in the same class with purchasers and mort-
gagees and makes no special provisions for them. They must

be able therefore to comply with the requirements common to
the class into which they are thus brought. They must ac-
quire their rights as creditors after the execution of the be-
lated deed, and they must get upon the record in advance c
it. How shall this be done? The law as it stood prior to 1893
provided no way. The act of 1893 provides none. A creditor
may sue and obtain a judgment, or he may procure a confes-
sion of judgment from his debtor ; but a judgment belongs to
the records of the courts of common pleas. There is no way
by which it can be placed on the records in the recorder's of-
fice ; and it is well settled that a judgment creditor is not
within the recording acts: Rodgers v. Gibson, 4 Y. 111 ; Cover
v. Black, 1 Pa. 493 ; Stewart v. Freeman, 22 Pa. 123 ; Morris
v. Ziegler, 71 Pa. 450. As against a subsequent judgment ap-
pearing on the records of the common pleas an actual convey-
ance though unrecorded is binding: Cover v. Black, supra.
If the legislative intention was to admit creditors to the race
for priority with the belated deed, upon terms peculiar to them-
selves, the least that can be said is that this intention nowhere
appears, nor is there the slightest attempt in the body of the
act to prescribe such terms. We have no alternative. We
must assume that creditors were put into the class with subse-
quent purchasers and mortgagees with the knowledge that it
would be necessary for them to comply with the terms appli-
cable to the class into which they were put. This, as we have
already seen, is impossible.; and for this reason it is impossible
to carry the provision into effect. The act is to be read as
though the word " creditors " was not in it, and in this respect
the act of 1775 is unchanged. The rule as it stood under the
old law is the rule under the act of 1893, except as to the
length of time allowed for recording. Priority of deed gives
priority in right for ninety days. After ninety days priority
on the record makes priority in right.

The only subject remaining to consider is the effect of
changes in phraseology in the act of 1893 relating to the offi-
cers before whom acknowledgments may be taken, and their
powers. There was no hint in the title to the act of a purpose
to change the manner of taking acknowledgments, the officers
before whom they could be taken, or the jurisdiction or powers
of such officers in the premises. In the mischief referred to in

the preamble as inducing the act, there was no reference to this subject. As matter of fact no inconvenience was felt under the law as it then stood. It seems reasonable to suppose that the changes in phraseology out of which so much uncertainty has grown as to where, and before whom, acknowledgments of conveyances should be made, are due to inadvertence, or to the carelessness of some copyist ; but if due to a purpose to change the well settled law upon these subjects it is, fortunately for the general public, defeated by the constitutional provision.

The title to the act of 1893 gave notice, as we have seen, of an intention to change the time for recording deeds. It proposed to · amend the act of 1775 in this particular which it stated expressly, and in no other. An attempt therefore to remodel the law relating to acknowledgments, under such a title, would be an attempt to do that of which the title not only gave no notice, but against which it closed the door by asserting a different purpose.

It results from this examination of the act of 1893 that it is effective to change the law as it stood before, in only one particular, viz, it reduces the time within which a purchaser must record his deed from six months to ninety days. In all other respects the law remains as it was before. The learned judge of the court below reached a correct conclusion upon the facts submitted to him. The plaintiff was entitled to judgment and the judgment rendered in his favor is now affirmed.