GLEN MORRIS-GLYNDON SUPPLY CO. *vs.* CHARLES C. McCOLGAN.

*Equitable Lien Created by Defective Mortgage Enforceable Against Sub sequent Judgment Creditors.*

The general lien of a judgment creditor is subordinate to the equity of a prior specific lien on the debtor's property, even though created by a defective mortgage.

Appeal from the Circuit Court for Carroll County (THOMAS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, SCHMUCKER and JONES, JJ.

*Rufus W. Applegarth* and *E. Oliver Grimes, Jr.*, for the appellant.

*William S. Bryan, Jr.*, and *W. W. Parker*, for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appeal in this case was taken from the order of the Cir-

cuit Court for Carroll County which we confirmed on the appeal of George R. Carr and wife at the present term of Court. The two appeals were heard together upon one record and there is no difference between them except that the former appeal was taken by the mortgagor and this one was taken by one of his judgment creditors. The order appealed from finally ratified a sale of mortgaged property made under a power of sale contained in the mortgage.

It appears from the face of the record that the mortgage was executed in February, 1902, and the present appellant's judgment was not rendered until long after that date. In fact it appears that the debt for which the judgment was obtained was not contracted until after the making of the mortgage. The lien of a judgment attaches only to such interest in the debtor's land as he has at the time of its rendition or thereafter acquires. We have repeatedly held that a judgment is only a general lien and must be subordinated to the superior equity of a prior specific lien even though created by a defective mortgage or conveyance. *Dyson* v. *Simmons*, 48 Md. 215; *Valentine* v. *Seiss*, 79 Md. 187; *Skinner* v. *Houghton*, 92 Md. 86; *Hartsock*, v. *Russell*, 52 Md. 625; *Knell* v. *Green Street Bldg. Assn.*, 34 Md. 67.

The exceptions of the present appellant were therefore properly overruled for the reasons set forth in our opinion in Carr's appeals, except in so far as those reasons applied to the estoppel worked against Carr by his own conduct. The lien on the land acquired by the appellee as purchaser at the sale made under the mortgage must under the cases which we have cited be held to be superior to that of this appellant and the order of the ratification of the sale to the appellee must also be affirmed upon the present appeal.

*Order affirmed with costs.*

(Decided March 21st, 1905.)