## Morris *versus* Ziegler.

1. After a verdict for defendant, judgment *non obstante veredicto* cannot be entered for the plaintiff.

2. A husband conveyed land to his wife; a judgment afterwards recovered against him was purchased by a third person before the deed was recorded; there being no fraud in the conveyance, *Held*, that her title would prevail against the judgment.

3. Not recording her deed was not such laches as would estop her against a judgment-creditor of the husband.

4. Coates *v.* Gerlach, 8 Wright 43, distinguished; Reed's Appeal, 1 Harris 478, Robinson *v.* Myers, 17 P. F. Smith 9, followed.

May 14th 1872. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Perry county :* No. 74, to May Term 1872.

On the 5th of April 1871, David Ziegler instituted an action of ejectment against Samuel Morris for a tract of land containing 4 acres.

Samuel Morris, the defendant, on the 31st of March 1848, owned the premises, and on the 1st of May 1852, conveyed them to his wife. On the 27th of May 1867, G. C. Murray entered a judgment for $400 against Morris ; on the 9th of July this judgment was assigned to S. S. Charles, and on the 6th of January 1868, Charles assigned it to Ziegler, the plaintiff. On the 14th of January 1870, the deed from the defendant was recorded. On the 23d of May 1870, Ziegler issued execution on his judgment; the land was condemned, and under a vend. ex. sold to Ziegler and sheriff's deed acknowledged November 2d 1870.

Morris defended on the title of his wife, and the question was the validity of the deed to Mrs. Morris as against the judgment of Murray assigned to Ziegler.

[Morris v. Ziegler.]

The cause was tried March 30th 1872, at a special court held by Rowe, J., of the 16th District. The above facts appeared in evidence at the trial.

Morris testified that the money with which the property was bought came from his wife's estate, received by him before 1848; that his wife wished him to convey the land to her and he did so, because he had got the money with which it was bought; he was a day laborer, but at the time of the sale to her was not in debt.

The defendant offered evidence that Charles had notice of the title of the property being in the wife before he took the judgment; it was rejected by the court and a bill of exceptions sealed.

The plaintiff testified he bought the judgment from Charles after having had a certificate from the recorder that the title was in Morris, and he had no knowledge that Mrs. Morris was the owner. At the sheriff's sale plaintiff had notice that the land belonged to Mrs. Morris.

The court charged the jury that Mrs. Morris's title was good, "unless the deed made by Samuel, her husband, to her was made with intent to defraud and cheat creditors, or unless it was more than a reasonable provision for his wife out of his property. To these two questions you must address yourselves."

The judge further said:—

"I reserve the question of law whether the failure of the wife to record her deed until after the judgment was purchased by the plaintiff—no knowledge of the existence of the deed being traced to the plaintiff—gave to her husband a false credit and was such *laches* on her part to the misleading of the plaintiff, as will prevent her from setting up her title against the plaintiff. If we should be of opinion that it was such *laches*, then judgment to be entered for plaintiff *non obstante*."

The verdict was for the defendant.

The court afterwards entered judgment for the plaintiff *non obstante veredicto*, delivering the following opinion:—

"I am not able, after full consideration, to distinguish this case in principle from that of Coates *et al. v.* Gerlach, 8 Wright 43. This deed also is void at law, can only be sustained in equity, and the wife asserted no right under it; in fact did not make known its existence until after the husband had contracted the debts, against which she now seeks to set it up; there was no abandonment of possession by the husband, all remained as before; the supineness of the wife gave to the husband a false credit as clearly appears in the evidence; and equity, therefore, will not aid her at the expense of those or him misled by her *laches*. Consequently, judgment must be entered on the question of law reserved by the court, in favor of the plaintiff, *non obstante veredicto*, upon his paying the jury fee."

[Morris *v.* Ziegler.]

The defendant removed the case to the Supreme ·Court, and assigned for error the rejection of his offer of evidence and entering judgment for the plaintiff *non obstante veredicto.*

*Graham* (with whom was *C. J. T. McIntire*), for plaintiff in error.—The jury having found that there was no fraud, a judgment-creditor cannot take advantage of the fact that the deed was not recorded: Ridgway *v.* Underwood, 4 Wash. C. C. R. 129; Gilmore *v.* N. America Land Company, 1 Peters C. C. R. 460. A judgment-creditor is not within the recording act: Rodgers *v.* Gibson, 4 Yeates 111; Cover *v.* Black, 1 Barr 493; Heister *v.* Fortner, 2 Binn. 40; Stewart *v.* Freeman, 10 Harris 123; Jaques *v.* Weeks, 7 Watts 284. When the verdict is for the defendant, judgment cannot be entered *non obstante veredicto* for the plaintiff: Robinson *v.* Myers, 17 P. F. Smith 9.

*W. A. Sponsler*, for defendant in error, cited Coates *v.* Gerlach, 8 Wright 43.

The opinion of the court was delivered, May 20th 1872, by

SHARSWOOD, J.—It was decided by this court in Robinson *v.* Myers, 17 P. F. Smith 9, that when the jury finds a verdict for the defendant there can be no judgment entered upon a reserved point for the plaintiff. Such judgment being without any verdict to support it, wants a legal foundation and is therefore erroneous. In order, however, to end this controversy we have been requested by the counsel of both parties to consider and decide the question reserved. That question was, whether the failure of the wife to record her deed until after the judgment was purchased by the plaintiff—no knowledge of the existence·of the deed being traced to him—gave to her husband a false credit, and was such laches on her part to the misleading of the plaintiff as will prevent her from setting up her title against him. It is supposed that the judgment of this court in Coates *v.* Gerlach, 8 Wright 43, is an authority in point, and upon this ground the learned judge below entered judgment *non obstante veredicto.* But the decision in that case was expressly that the deed to the wife could not be sustained because it was more than a reasonable provision for her, and what is added as to her not recording the deed, is a reason for not regarding her case with favor, because she had studiously and purposely concealed her title for the purpose of giving her husband a false credit. "In asking," says Mr. Justice Strong, "that a deed void at law should be sustained in equity, she is met with the fact that she asserted. no right under it; in fact concealed its existence until after her husband had contracted the debts against which she now seeks to set it up." But no such element as this,

which is necessary to create an estoppel against her in equity, is incorporated in the point reserved. She is to be estopped by the bare non-recording her deed—whether it was through ignorance or design. It rejects also the element of notice to the creditor, which may have existed; and certainly if she or her husband were careful to give notice to everybody who trusted him that the property was his wife's—it was entirely too much to go further, and require notice to be given to all assignees of creditors of whose existence she could know nothing, and unless consulted could not give them notice before assignment. It is evident that the wife in Coates v. Gerlach was to be barred in consequence of bad faith—not for simply not recording her deed, which in law she was not bound to do as against judgment or other creditors. "If anything," says Mr. Chief Justice Gibson in Reed's Appeal, 1 Harris 478, "is settled by reason and authority, it is that a judgment-creditor is not entitled to the protection of a purchaser of the legal title against an equitable owner or his creditors, or to any advantage which his debtor had not." Throughout a series of decisions from Finch v. Winchelsea, 1 P. Wms 277, to Ludwig v. Highley, 5 Barr 132, the law has been so held in England and Pennsylvania." He proceeds to vindicate the rule with his usual force, and it is clear that the law must be made for the majority of cases, and the ordinary course of dealing in which the creditor looks to the debtor's personal ability, and to nothing else. It proves nothing, then, to allege and show that the creditor—much less the purchaser of the creditor's claim—searched the records, and found no deed there. Upon the point reserved, then, we are of opinion that the defendant below, having the verdict also in his favor, was entitled to judgment.

　　　　　　Judgment reversed, and now judgment upon the verdict for Samuel Morris, the defendant below.