# Sullivan's Appeal.

A cook in a hotel is not within the Act of April 9th 1872, securing a lien for the wages of laborers, &c.

November 11th 1874. Before AGNEW, C. J., SHARSWOOD, MERCUR and GORDON, JJ.

Appeal from the Court of Common Pleas of *Crawford county*: Of October and November Term 1874. In the distribution of the proceeds of the sheriff's sale of the personal estate of Harry Chamberlin.

Of the proceeds of the sheriff's sale $200 were considered as being in court; the same being claimed by the Meadville Savings

[Sullivan's Appeal.]

Bank, execution-creditors, and by Mary Sullivan, who claimed them as wages of a laborer, under the Act of April 9th 1872, sect. 1, Pamph. L. 47, 2 Br. Purd. 1464.

The parties in a case stated agreed upon the following facts:— * * * "Mary Sullivan, at the *time* of the sale, which took place June 1872, was a cook in a hotel of defendant Chamberlin, who kept the Occidental Hotel, in Meadville, and had been cook for a period of at least twelve months. At the time of the sale the defendant owed her wages—the sum of $200. Notice was given to the sheriff in writing, of her claim as aforesaid prior to the sheriff's sale. The property upon which the money was made consisted of ordinary and usual household and hotel furniture. If the court should be of opinion that Mary Sullivan is entitled to the sum of $200, being her said wages out of the proceeds of said sheriff's sale, then a decree and order to be entered by the court, ordering the said sum of $200 to be paid to Mary Sullivan, and if the court should be of opinion that she is not entitled to said sum, then the said sum of $200 to be paid to the Meadville Savings Bank."

The court (Lowrie, P. J.) ordered the money to be paid to the Meadville Savings Bank. Mary Sullivan appealed and assigned the decree of the Court of Common Pleas for error.

*W. R. Bole* (with whom was *J. N. McCloskey*), for appellant.

*P. Church*, for appellee.

Judgment was entered in the Supreme Court, November 19th 1874.

PER CURIAM.—A cook in a hotel is not within the terms or intent of the Act of April 9th 1872, Pamph. L. 44, securing a lien for money due for labor and services by any miner, mechanic, laborer or clerk, from any person or chartered company employing clerks, miners, mechanics and laborers, as lessees, contractors or owners of any works, mines, manufactories, or other business, or where clerks, miners or mechanics are employed.

> Decree affirmed and appeal dismissed, with costs to be paid by the appellant.