# In re Brady Street.

1. The Act of May 24th 1878, Pamph. L. 129, vesting jurisdiction in the Courts of Common Pleas to appoint viewers to assess damages whenever any borough may "change the grade or lines of any street or alley, or in any way alter or enlarge the same," was intended to afford a remedy to an abutting owner where his property was injured by a change of grade. It does not apply, however, in cases where it is desired to obtain damages for the opening or widening of a street or alley.

2. In such case the proceedings must be instituted in the Court of Quarter Sessions under the provisions of the Act of April 22d 1856, Pamph. L. 525.

3. The said Act of 1856 is not repealed by implication by the said Act of 1878.

4. Whether, in case a borough council should direct the grade of a street to be changed, and, at the same time, alter the lines thereof, so as to widen it in whole or in part, the damages both for the taking of land and for the change of grade could be assessed under the Act of 1878, not decided.

February 13th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Certiorari to the Court of Common Pleas of *Lycoming county:* of January Term 1882, No. 130.

On September 11th 1880, A. W. Tallman, burgess of the borough of Muncy, filed a petition in the said court reciting that the town council had surveyed, laid out, enacted and ordained that a certain alley, known as Mrs. Petrikin's alley, be widened to a street of the width of thirty-seven feet, and called Brady street. The petition further set out that the borough was unable to agree with the parties owning property abutting on said alley as to proper compensation; it, therefore, prayed the court to appoint five viewers to assess the said damages.

On the same day the viewers were appointed, and on September 13th 1880, an order was issued to said viewers reciting the petition, and also the terms of the Act of May 24th 1878, Pamph. L. 129, under which the application was made to the court.

On October 4th 1880, the report of the viewers was filed, awarding damages to the heirs of William A. Petrikin, deceased, owners of property abutting on said Brady street, in the sum of $375, for "the opening of the said Brady street and the appropriation therefor of twenty-five by one hundred and eighty feet of the lot fronting on Main street, and twenty-two by one hundred and fifty of the lot fronting on Washington street."

On October 16th 1880, this report was confirmed by the court absolutely, and judgment entered against the borough

[In re Brady Street.]

of Muncy accordingly. On March 9th 1881, R. Bruce Petrikin, executor of Willian A. Petrikin, deceased, filed a petition setting forth that the title to the real estate of the said testator was vested in him; that the town council of the borough of Muncy had taken certain of this real estate for the purposes of a street, without notice to him, or making a compensation, or giving security therefor ; and praying the court to strike off the judgment entered in this case and set aside the proceedings, on the ground of want of jurisdiction.

A rule was granted to show cause why the judgment should not be stricken off and the proceeding set aside, which rule after argument was discharged by the court, in the following opinion by CUMMIN, P. J.

" I am of opinion that the proceedings in this case were properly entertained by the Court of Common Pleas, under the provisions of the Act of Assembly of 24th May 1878 (P. L. 129). Pursuant to this statute, the proceedings have been properly conducted to final judgment. The owners of lands abutting on this alley have had all the notice the law requires. The necessity of widening this alley, and the sufficiency of the damages awarded, are both established by the weight of evidence taken on this rule, and the petitioner, therefore, has no just ground of complaint.

" But apart from the merits of the controversy, this application comes too late. On the first day of the October term of court, to wit, October 4th 1880, the report of the viewers in this matter was filed and confirmed nisi. On the 16th of October 1880, this report was confirmed absolutely and judgment entered thereon, pursuant to the Act of 24th May 1878, supra, wherein it is directed that such report shall be confirmed and judgment entered, &c., if no exceptions be filed within ten days. The next term of the court began the first Monday of January. The second term thereafter was the March term, which began March 7. The petition for this rule was filed March 9th 1881. The term to which the original proceedings were returnable, and at which the judgment was entered having elapsed, and another full term having expired before this petition was presented, I have now no power to strike off the judgment and grant the prayer of the petitioner."

R. Bruce Petrikin, executor, thereupon took this certiorari assigning for error, inter alia, the discharging of his rule.

*R. P. Allen* and *C. A. Bowers*, for the plaintiff in error. —The act of May 24th 1878, Pamph. L. 129, was only intended to provide a remedy for abutting property owners in case of change of grade. It was intended to reestablish the doctrine of Allegheny County *v.* Rowley, 4 Clark 379, and to override

[In re Brady Street.]

O'Connor *v.* Pittsburgh, 6 Harris, 187, and In re Ridge avenue, 5 Casey 391. The Burgess should have filed his petition in the Quarter Sessions under the Act of April 22d 1856, Pamph. L. 525, which provides expressly a remedy in case of the widening of streets or alleys. The Act of 1878 does not repeal the Act of 1856, either expressly or by implication. To establish a repeal by implication there must be a clear and strong inconsistency between the Acts: Street *v.* Commonwealth, 6 W. & S. 209 ; Cohen *v.* Commonwealth, 6 Barr 111 : Commonwealth *v.* Easton Bank, 10 Barr 442 : Egypt Street, 2 Grant 455 ; Commonwealth *v.* Gregory, 2 Pars. 241. If two statutes can stand together the latter does not abrogate the former ; the whole course of legislation is to be construed in pari materia, that every part and word shall have its effect, if it consistently can, and the will of the legislature be completely executed : Erie *v.* Bootz, 22 P. F. Smith 196 ; Maloney *v.* McNeish, 6 Luz. Leg. Reg. 155. The proceedings were, therefore, coram non judice.

*J. A. Beeber* and *A. D. Hower,* for the defendant in error.—It is clear that the Act of 1878 was intended to repeal the Act of 1856. Its title reads thus : " An Act to provide for appointing viewers to assess damages where streets and alleys are changed in grade or location in the several boroughs of this Commonwealth." The use of the word "location" shows that the legislative intent was to supplant the former Act. You can change the location of a street without changing the grade, and you can change the grade without changing location. When you widen a street, you change its location ; not so when you fill it up or cut it down—then you change the grade. Further, if we take the Act in that part where it prescribes the duties of the viewers, it is provided, that they " shall view the said street or alley and premises affected by the change or enlargement thereof." Does not this mean a widening or spreading out, not a change of grade ? The title to an Act need not be a complete index of its contents : Commonwealth *v.* Green, 8 P. F. S. 226 ; Yeager *v.* Weaver, 14 P. F. S. 425. All that is required is that the title fairly give notice of the subject of the Act, so as reasonably to lead to an inquiry into its body : Allegheny Home's case, 27 P. F. Smith 77 ; Mauch Chunk *v.* McGee, 31 P. F. Smith 433. Then if this Act means what we contend it does, it is plain that it repeals so much of the Act of 1856 as relates to the widening of streets or alleys and assessing the damages caused thereby. A subsequent affirmative statute is a repeal, by implication, of a former one made concerning the same matter, if it introduce a new rule upon the subject, although it contains no express words repeal-

3 Outerbridge—38

SUPREME COURT    [*Philadelphia*

[In re Brady Street.]

ing it: Ledlie *v.* Mon. Nav. Co., 6 Barr 392; Com. *v.* Cromley, 1 Ash. 181; Johnston's Estate, 9 Casey 511, 515. Acts which, although in pari materia, grant a right conditioned on different things, are inconsistent; and the inconsistency operates as a repeal: Gwinner *v.* The Lehigh and Delaware Gap R. R. Co., 5 P. F. Smith 126. It is well settled that if the court below had jurisdiction and proceeded in conformity of law, the Supreme Court will not reverse: In re Kensington and Oxford Turnpike Co., 10 W. N. C. 177. But further than this, the court at the time the petition of plaintiff in error was filed had not the power to set aside the judgment, for the reason that the term of court at which the judgment was entered had elapsed and another full term had expired: White *v.* Leeds, 1 P. F. Smith 189: King *v.* Brooks, 22 P. F. Smith 363; Commonwealth *v.* Mayloy, 7 P. F. Smith 291; In re Kensington and Oxford Turnpike Co., 10 W. N. C. 177, 181.

Mr. Justice PAXSON delivered the opinion of the court, February 27th 1882.

If this case can be sustained under the Act of 24th May 1878, P. L. 129, the court had jurisdiction, the proceedings are regular, and the judgment must be affirmed. The said Act provides, " That in all cases where the proper authorities of any borough within this Commonwealth have, or may hereafter change the grade or lines of any street or alley, or in any way alter or enlarge the same, thereby causing damage to the owner or owners of property abutting thereon, without the consent of such owner, or in case they fail to agree with the owner thereof for the proper compensation, &c., . . . . the Court of Common Pleas of the proper county," on application thereto by petition, shall appoint viewers to assess the damages.

This was a petition to the Court of Common Pleas by the burgess of the borough of Muncy, for himself and the town council thereof, setting forth that said town council had by ordinance widened Petrikin's alley to a street of thirty-seven feet in width, to be called Brady street, and praying for the appointment of five disinterested citizens to assess the damages for the widening of said alley.

It will thus be seen that we have no question of a change of grade before us. It was a proceeding to widen an alley—nothing more.

The first section of the Act of 22d April 1856, P. L. 525, provides expressly for the widening of streets and alleys in the respective boroughs of the Commonwealth. It says: " Whenever the burgesses and town council of any borough shall open, or be about to open any streets or alleys therein, or to widen and extend the same," the said burgesses and council may apply

by petition to the Court of Quarter Sessions for the appointment of seven disinterested freeholders to assess the damages. The said Act further provides for the assessment for contribution upon the properties benefited, and for the collection of all such damages and assessments for contribution, in the same manner as other debts due such boroughs are by law collectible.

The Act of 1878 contains no express repeal of the above recited Act of 1856, nor do we think it was repealed by implication. Such mode of repeal is not favored, and will not be presumed unless there is a clear and strong inconsistency between the Acts: Street v. Commonwealth, 6 W. & S. 209; Cohen v. Commonwealth, 6 Barr 111; Commonwealth v. Easton Bank, 10 Barr 442.

We are unable to see such inconsistency between the two Acts as would justify the inference that the legislature intended the repeal of the earlier one. On the contrary, we think it clear no such repeal was intended. The provision for the assessment of benefits is omitted in the Act of 1878, which would not probably have been the case if it was intended to supply the Act of 1856. The Acts of 1878 and 1856 must be construed in pari materia. They are part of a system. As before observed, the Act of 1856 expressly provides for assessment of the damages where a street is opened or widened by the authorities of a borough. What then was the object of the Act of 1878? If we apply the familiar rule of interpretation, the old law, the mischief, and the remedy, the solution of this problem is not difficult. The mischief was that while the old law provided a remedy for assessing the damages to the property owner for taking his land in the opening or widening of a street, it afforded him no remedy where his property was injured by a change of grade. This principle was settled by the decision in O'Connor v. Pittsburgh, 6 Harris, 187; In re Ridge street, 5 Casey, 391. The Act of 1856 furnishes a remedy for this hardship, and was undoubtedly passed for that purpose and no other. It speaks of a change of the " grade or lines" of any street or alley, and while the succeeding words, " or in any way alter or enlarge the same," might seem to apply to widening a street, yet, looking at the manifest object of the Act, we must read these general words in connection with such object. Tested by this familiar rule, it is manifest the general words referred to are qualified by the preceding special words, and that the Act has no application where there is no change of grade. It may be, although we do not decide the point, that where the town council of a borough direct the change of the grade of a street, and at the same time alter the lines thereof so as to widen it in whole or in part, whereby the land of a property owner may be taken, his damages, both for the taking of his land and the

change of grade, could be assessed under the Act of 1878. Otherwise two juries might be required to assess the damages sustained by the same owner, one for the change of grade and the other for the land taken. This proceeding was for the opening and widening of a street, without any reference to its grade, and is directly within the Act of 1856. The petition should have been filed in the Quarter Sessions. The Common Pleas had no jurisdiction.

Under these circumstances, the objection that the petition of R. Bruce Petrikin to set aside the proceedings was filed too late, is without merit. It is a well settled principle that the want of jurisdiction may be taken advantage of in any stage of the proceedings.

> The order of the court below confirming the report of the reviewers is reversed and set aside, and the petition of A. W. Tallman, burgess of the borough of Muncy, is dismissed at the costs of the petitioner.

GORDON, J., dissented.