## Maple-Gallia Coal Co. *v.* Thomas, Appellant.

*Judgment—Opening judgment—Promissory notes.*

1. Where judgment is entered on a judgment note given to a bank as collateral security for loans, the court will not open the judgment while notes to an amount equalling or exceeding the amount of the judgment note remain unpaid.

2. In such a case the fact that, when the bank examiner demanded that the notes should be charged off, the officers of the bank paid them and took an assignment of them, with the judgment, is immaterial.

Argued October 17, 1919. Appeal, No. 90, Oct. T., 1919, by defendant, from order of C. P. Allegheny Co., April T., 1918, No. 196, discharging rule to open judgment in case of the Maple-Gallia Coal Company, now to use of John F. White, H. W. White, George C. Hengst and S. C. Bright v. Beman Thomas and S. A. McManigal. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Rule to open judgment.

SHAFER, P. J., filed the following opinion:

The judgment is against two defendants, one of whom, Beman Thomas, has filed a petition to open the judgment. Petitioner admits that he executed the note and warrant of attorney on which judgment was entered herein, being a note under seal for $10,000, dated June 17, 1913, payable on demand, with which certain collateral was pledged. He also annexes to his petition a copy of an agreement made the same day between the Maple-Gallia Coal Company and the Rempel National

Bank of Logan, Ohio, which shows that the note in question was delivered to the bank as general collateral security for the payment of any and all indebtedness of that company to the bank and that upon payment of the indebtedness for which it was given as collateral it should be returned to the Maple-Gallia Coal Company, and that certain notes of the Maple-Gallia Coal Company and others belonging to it were discounted by the bank as provided for in that agreement. The petition then alleges that these notes were "fully paid or otherwise discharged as against said Maple-Gallia Coal Company," and that the use-plaintiffs, who were officers of the bank, had full knowledge of the contract. He further alleges that at the time of the assignment by the Rempel National Bank to the use-plaintiffs, the Rempel National Bank had no interest in the note and that no notice of any loss was ever given to the petitioner and that the plaintiffs were not holders for value, and that the petitioner never consented to any extension or modification of the terms.

From the evidence it appears that the bank examiner required the bank to get rid of the paper held in this way and that thereupon the use-plaintiffs, being officers of the bank, took up the note and paid the debt secured by it to the bank. It further appears that more than $10,000 is still owing on the notes in question, the Maple-Gallia Coal Company having proved entirely insolvent. We are unable to see in any of these circumstances any defense to the note on the part of the petitioner. The rule is therefore discharged.

Beman Thomas appealed.

*Error assigned* was order discharging rule to open judgment.

*Saul Schein,* with him *Andrew G. Smith,* for appellant.

*O. S. Richardson* and *W. D. N. Rogers*, for appellee, were not heard.

PER CURIAM, January 5, 1920:

This appeal is dismissed, at appellant's costs, on the opinion of the learned president judge of the court below discharging the rule to show cause why the judgment should not be opened.