# Beman Thomas Co., Appellant, *v.* White.

*Judgment—Deed—Recording acts—Unrecorded deed—Judgment creditor—Trust and trustees—Resulting trust—Act of June 4, 1901, P. L. 425.*

1. Judgment creditors are not within the recording acts, and an actual conveyance of land, though unrecorded, is binding as against a judgment entered in the common pleas subsequent to the date and delivery of the grantor's deed.

2. Where a person takes title in his own name to real estate, purchased with money of a corporation, and the deed is recorded and no declaration of trust is executed, and thereafter the grantee in the deed conveys the land to the corporation, but the deed is not recorded, a judgment against the grantor, entered against him after his conveyance to the corporation, does not give the plaintiff in the judgment a lien against the land. The Act of June 4, 1901, P. L. 425, does not apply to such a case.

Argued October 19, 1920. Appeal, No. 191, Oct. T., 1920, by plaintiff, from decree of C. P. Allegheny Co., July T., 1919, No. 1552, dismissing bill in equity in case of Beman Thomas Co. v. John F. White et al. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Bill in equity for an injunction to restrain sale of real estate. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

The court dismissed the bill. Plaintiff appealed.

*Error assigned* was decree, quoting it.

*Andrew G. Smith,* for appellant.—Unrecorded deeds are valid as against judgments: Davey v. Ruffell, 162 Pa. 443.

*W. D. N. Rogers,* with him *O. S. Richardson,* for appellees, cited: Rochester Trust Co. v. White, 243 Pa. 469; Maple-Gallia Coal Co. v. Thomas, 266 Pa. 120; Columbia Bridge Co. v. Halderman, 7 W. & S. 233.

Opinion by Mr. Chief Justice Brown, December 31, 1920:

By deed dated April 12, 1917, and duly recorded, Charles E. Specht conveyed to Beman Thomas certain lots of ground in the City of Pittsburgh. All of the purchase money was paid by the Beman Thomas Company, a corporation, and it is admitted that as long as the legal title remained in Thomas, the resulting trust in favor of that company, arising from its payment of the purchase money, was void as to his judgment creditors under the Act of June 4, 1901, P. L. 425, which provides that "whenever hereafter a resulting trust shall arise with respect to real property, by reason of the payment of the purchase money by one person, and the taking or making of the legal title in the name of another, if the person advancing the purchase money has capacity to contract, such resulting trusts shall be void and of none effect as to bona fide judgment or other creditors, or mortgagees of the holder of the legal title, or purchasers from such holder without notice, unless either (1) a declaration of trust in writing has been executed and acknowledged by the holder of the legal title, and recorded in the recorder's office of the county where the land is situated, or (2) unless an action of ejectment has been begun, in the proper county, by the person advancing the money, against the holder of the legal title." Thomas explained in his testimony, taken at the trial below, why the deed was properly made to him, instead of directly to the corporation. On June 7, 1917, when there was no longer any reason why the title to the lots should not be in it, he made a conveyance of them to it, but his deed was not recorded until March 19, 1918. On February 5, 1918— nearly eight months after the lots had been conveyed to

the Beman Thomas Company—the defendants in this proceeding entered a judgment against Thomas, upon which they issued an execution and directed the sheriff, in pursuance of it, to sell as his real estate the lots he had conveyed to the company.   Thereupon it filed this bill, praying that the plaintiffs in the execution be restrained from selling the said estate, and, after hearing on bill and answer and testimony taken, on defendant's motion, at the close of plaintiff's case, the bill was dismissed, on the ground that, as there had been a void resulting trust in Thomas, Rochester Trust Company v. White, 243 Pa. 469, was conclusive of the right of the defendants to proceed with their execution and sell the real estate conveyed to him by Specht.   From this the Beman Thomas Company has justly appealed.

The jurisdiction of the court below to grant the relief prayed for, if appellant was entitled to it under the undisputed facts in the case, was not questioned, and that the prayer of the plaintiff should have been granted is so clear that but little need be said to demonstrate the error of the court below in refusing it.

From April 12, 1917, to June 7th of that year, the period during which the title to the real estate involved in this proceeding was in Beman Thomas, it was subject to the lien of any judgment that might have been entered against him, just as if it had been actually his own land, for the Act of June 4, 1901, so provides.   But when the resulting trust in him ceased to exist by his extinguishment of it by deed to the real owner, the Beman Thomas Company, executed and delivered June 7, 1917, the lots to which he had held title were no longer subject to the lien of a judgment creditor.   They had passed to the real owner as effectually and as free from the lien of a judgment creditor as they would have passed to a bona fide purchaser from Thomas if he had been the absolute owner of them.   His deed to the appellant was an honest one, and in executing it he did only what he ought to have done, for he but turned over to the com-

pany property in which he had no interest and for which it had paid all the purchase money. The trust which had been in him, void as to judgment creditors, but good as between him and his cestui que trust, ceased to exist; the equitable owner of the lots, whose title had been in jeopardy from April 12, 1917, became the legal owner of them on June 7, 1917, and the Act of June 4, 1901, was no longer in the case. If this had not been inadvertently overlooked by the learned chancellor below, he would not have misapplied Rochester Trust Company v. White, supra.

As the appellees were mere judgment creditors of Thomas, the failure of the appellant to record his deed to it until after their judgment was entered does not change the situation. Judgment creditors are not within the recording acts, and an actual conveyance of land, though unrecorded, is binding as against a judgment entered in the common pleas subsequently to the date and delivery of the grantor's deed: Cover v. Black, 1 Pa. 493; Davey v. Ruffell, 162 Pa. 443.

The assignments of error are sustained, the decree of the court below is reversed, the bill of the appellant is reinstated, and it is now ordered, adjudged and decreed that the appellees, and each of them, be restrained from selling on their execution the real estate described in the appellant's bill of complaint; and it is further ordered that they pay the costs below and on this appeal.