## Burns *v.* Coyne et ux., Appellant.

Argued October 5, 1928. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Howard Zacharias*, with him *Howard Neely*, for appellants.—The purpose of the Act of 1901 was to prevent any undue and unjust advantage which the holder of a legal title may obtain by virtue of his apparent ownership of land. The legislature sought to prevent the obtaining of credit by virtue of the holding of real estate, where such holding was unreal and where the whole beneficial interest was vested in a cestui que trust: Rochester Trust Co. v. White, 243 Pa. 469.

The same result must follow in our case, to wit, that the judgment recovered by Michael J. Burns against

Peter Coyne is not a lien on the lands owned by Mary Coyne. Any other decision can only be arrived at by expressly overruling the case of Beman Thomas Co. v. White, 269 Pa. 261.

The Act of June 4, 1901, P. L. 425, applies only to judgment creditors: Davey v. Ruffell, 162 Pa. 443.

*A. Leonard Balter,* with him *Ben Paul Brasley,* for appellee.—In the construction of a statute, where the language is unambiguous, the court is bound by the legislative intent as therein expressed, and cannot go beyond the confines of the act: Grayson v. Aiman, 252 Pa. 461; Keim's License, 59 Pa. Superior Ct. 631; Com. v. Cab Co., 287 Pa. 161; Com. v. School Dist., 277 Pa. 13; Com. v. Megargee Bros., 275 Pa. 12; Weiss v. Swift & Co., 36 Pa. Superior Ct. 376.

Plaintiff became a creditor of Peter Coyne at a time when the legal title to the property in question was in Peter Coyne: Chestnut Street T. & S. Fund Co.'s Est., 217 Pa. 151.

The Act of June 4, 1901, P. L. 425, applies to the case at bar.

The case of Beman Thomas Company v. White, 269 Pa. 261, does not control our case.

The Act of 1901 is not limited in its application to judgment creditors: Davey v. Ruffell, 162 Pa. 443.

OPINION BY MR. JUSTICE WALLING, November 26, 1928:

In August, 1924, the defendant, Peter Coyne, so operated his auto truck that it collided with the automobile of the plaintiff, Michael J. Burns, causing him personal injury. The suit, brought a year later to recover for damages thus sustained, resulted in a verdict for plaintiff of $3,500, on which judgment was entered in April, 1927, in the Court of Common Pleas of Allegheny County. The judgment remaining unpaid and the defendant therein having no visible means of payment, the plaintiff, in December, 1927, brought this suit in equity

against Peter Coyne and Mary Coyne, his wife, seeking to charge the above judgment upon a certain house and lot located on Robinson Street, Pittsburgh, of which the wife defendant was the record owner.

The defendants were married in July, 1924, and previous thereto James J. Coyne, a brother of Peter Coyne, in view of the approaching marriage, arranged for the purchase of the Robinson Street property as a gift to the bride and advanced $5,000 for that purpose. As the contract for the purchase was made prior to the marriage, Mrs. Coyne, then Miss Donnelly, suggested the title be taken temporarily in the name of Peter Coyne, which was done and it so stood when the accident above mentioned occurred. Thereafter, in December, 1924, at the suggestion of the wife, the title for the property was transferred to her and duly recorded. According to the facts found by the chancellor, which are unchallenged, Mrs. Coyne paid for the property with money given her for that purpose and the husband never had any equitable interest therein. But it is plaintiff's contention that, inasmuch as the title stood in the name of the husband at the time of the accident, with no declaration of trust of record or action of ejectment pending, it may be taken in satisfaction of the judgment. This-is based on the Act of June 4, 1901, P. L. 425, section 1 of which is: "That whenever hereafter a resulting trust shall arise with respect to real property, by reason of the payment of the purchase money by one person, and the taking or making of the legal title in the name of another, if the person advancing the purchase money has capacity to contract, such resulting trusts shall be void and of none effect as to bona fide judgment or other creditors, or mortgagees of the holder of the legal title, or purchasers from such holder without notice, unless either (1) a declaration of trust in writing has been executed and acknowledged by the holder of the legal title, and recorded in the recorder's office of the county where the land is situated, or (2) unless an action of ejectment

has been begun, in the proper county, by the person advancing the money, against the holder of the legal title." From the final decree of the trial court sustaining plaintiff's contention, the defendants have appealed.

In our opinion the decree entered was error. Prior to the act above quoted, a judgment bound only the interest the defendant actually had in real estate standing in his name: Sill v. Swackhammer, 103 Pa. 7; Rodgers' Lessee v. Gibson et al., 4 Yeates 110; and see Davey v. Ruffell, 162 Pa. 443; Morris v. Ziegler, 71 Pa. 450. The record might indicate extensive holdings, of which he was the ostensible owner in his own right, yet if, in fact, he was trustee thereof, the judgment bound nothing. This the legislature sought to correct by compelling a sui juris beneficiary to make the trust a matter of record, otherwise to treat the trustee as actual owner. Appellee's contention, however, goes further and holds that a failure to comply with the statute converts the trust estate into a pledge for the security of the trustee's personal liabilities, whether arising from tort or contract and whether liquidated or unliquidated. Under this contention, as suggested by appellants, the trust estate might remain liable to answer on some sealed obligation given by the trustee and not reduced to judgment for many years after the property had been turned over to the real owner. The trustee's unrecorded obligations would thus remain, in effect, secret liens upon the property so long as it continued in the hands of the beneficiary. We are sure the legislature never contemplated such a result. What the words "or other creditors" following the word "judgment" really mean is, other creditors of like rank; that is, lien creditors. This accords with the familiar rule of statutory construction, that, where specific expressions are followed by those which are general, the latter will be confined to things of the same class as the former. This question is fully discussed in Chapter XIV of Endlich on Interpretation of Statutes, beginning on page 554; and see In re Brady

Street, 99 Pa. 591, 595; Allen's App., 81* Pa. 302; Sullivan's App., 77 Pa. 107; Weiss v. Swift & Co., 36 Pa. Superior Ct. 376. The other matters included must be of the same generic character: Renick v. Boyd, 99 Pa. 555; Pittsburgh v. Pittsburgh Rys. Co., 47 Pa. Superior Ct. 476. So construed, the act is reasonable and corrects the evil at which it was aimed. So far as the writer is aware, this is the first attempt, under the Act of 1901, to hold the trust estate liable for the floating debts of the trustee. Beman Thomas Co. v. White, 269 Pa. 261, holds that a judgment entered against the trustee after he had conveyed the land to the beneficiary could not be charged thereon under the Act of 1901. True, the report of that case fails to show that the debt existed during the trust, although such seems to have been the fact. See Maple-Gallia Coal Co. v. Thomas, 266 Pa. 120. Other cases construing the Act of 1901 are Rosa v. Hummel, 252 Pa. 578; Levy v. Hersberger, 249 Pa. 504, and Rochester Trust Co. v. White, 243 Pa. 469.

The transfer of property by a trustee to the beneficiary is a conveyance for value (30 C. J. 690), and that in the instant case having been made before the damage suit in question was brought and over two years before judgment was entered thereon, it follows that plaintiff was not a lien creditor when the legal title vested in Mrs. Coyne and, under our construction of the statute, cannot now take her property to satisfy the judgment against the trustee. Had the latter made the conveyance to a third party, for value, it would have vested a good title and the beneficiary should not occupy a less favorable position.

As we hold the statute above quoted does not extend to general creditors, it is unnecessary to decide whether one having an unliquidated claim in tort comes within that category.

The decree is reversed and plaintiff's bill is dismissed at his costs.