Ehnes, Appellant, *v.* Yowell.

18

Argued April 16, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ. Appeal, No. 35, 

 

*Robert W. Honeyman,* with him *Fox, Differ & Honeyman, Alfred L. Taxis, Jr.* and *Smith & Taxis,* for appellant.

*D. Stewart McElhone,* with him *Edward B. Duffy* and *Duffy, McTighe & McElhone,* for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, May 27, 1953:

A bill in equity filed by the plaintiff, Fred C. Ehnes, a creditor of the defendant, Cleveland Yowell, alleged that certain lots of land were conveyed by the latter to his son, the defendant, Edward J. Yowell, without consideration and in fraud of plaintiff's claim. Plaintiff prayed that in accordance with the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, section 9, defendant Edward and his wife be ordered to

reconvey the property to defendant Cleveland and his wife.

Elaborate testimony taken in the proceedings revealed that in 1930 Cleveland and his wife had executed a judgment note for $5,000 to the Citizens National Bank of Jenkintown, on which note judgment was entered in 1931. This judgment was assigned to plaintiff and marked to his use in 1949, and it was thereupon duly revived by sci. fa. proceedings. Meanwhile, in 1946, an agreement of sale was entered into between the then owners of the real estate in question and Cleveland and his wife in pursuance of which the property was conveyed to them by deed dated May 21, 1946. According, however, to the findings made by the chancellor, it was the son, Edward, who had desired to purchase these lots and had instructed his father to do so as his agent. Cleveland had no financial resources whatever, and it was Edward's money that was used for the purchase. Both father and son intended that the deed should be made out in Edward's name, but, by mistake of the grantors' real estate agents, Cleveland and his wife were named as the grantees. The error was immediately discovered and the agents were instructed to prepare another deed from Cleveland and his wife to Edward; this was done and the new deed, likewise dated May 21, 1946, was recorded at the same time as the other, namely on May 22, 1946. Subsequently a dwelling house was erected on the lots, also with Edward's money.

The court entered a decree dismissing the bill.

Plaintiff contended that Cleveland purchased the lots with his own money, or, even if Edward was the real purchaser, he intended to make a gift of the property to his father. As to whose money went into the purchase, the finding by the court that it was that of the son—based as it is upon clear and convincing evidence—must be accepted as conclusive. As to a gift having been intended, the law is clear that where a parent furnishes

the purchase money and title is taken in the name of a child there is a presumption of a gift, but where a child's money is used to purchase the property and title is taken in the name of the father the presumption is not of a gift but of a resulting trust: *O'Neill v. O'Neill*, 227 Pa. 334, 339, 76 A. 26, 28; *Kauffman v. Kauffman*, 266 Pa. 270, 276, 109 A. 640, 642; *Citizens Deposit & Trust Co. of Sharpsburg v. Citizens Deposit & Trust Co. of Sharpsburg*, 136 Pa. Superior Ct. 413, 417, 7 A. 2d 519, 521, 522; Restatement, Trusts, §442, comment a. The latter presumption, so far from being overcome in the present case, was strengthened by the testimony, and the court below was justified in so concluding.

If the original placing of the title in the name of the father and mother was a mere error, which was immediately corrected, plaintiff's case is obviously without any foundation whatever. But, even if it be deemed that a resulting trust arose, the execution and recording of the deed to the son removed any present question of fraud since a conveyance by the trustee of a resulting trust to the beneficiary is a conveyance for "fair consideration," the trustee being under a moral and a legal obligation to transfer the title to the beneficiary at the latter's request; therefore such a conveyance is not a fraud upon the rights of the trustee's creditors: *Burns v. Coyne*, 294 Pa. 512, 517, 144 A. 667, 668; *Berenato v. Gazzara*, 346 Pa. 568, 571, 572, 31 A. 2d 81, 82, 83; *Malamed v. Sedelsky*, 367 Pa. 353, 359, 80 A. 2d 853, 856.

As his final position, plaintiff seeks refuge in an attempted application to the case of the Act of June 4, 1901, P. L. 425, section 1, which provides that, where a resulting trust arises with respect to real property by reason of the payment of the purchase money by one person and the taking of the legal title in the name of another, such trust shall be void as to bona fide judgment creditors or other creditors, unless either a declara-

tion of trust in writing has been executed and acknowledged by the holder of the legal title and properly recorded, or unless an action of ejectment has been begun by the person advancing the money against the holder of the legal title. As the term "other creditors" in the act has been construed it is limited to *lien* creditors, that is, creditors of like rank with judgment creditors: *Burns v. Coyne,* 294 Pa. 512, 516, 517, 144 A. 667, 668. If a person recovers a judgment against the holder of the legal title, or acquires any other kind of lien against the property, *before* the recording of a declaration of trust or conveyance of the property to the beneficiary, such judgment or lien is paramount to the rights of the beneficiary: *Rochester Trust Co. v. White,* 243 Pa. 469, 90 A. 127. But if such judgment be not recovered or lien acquired until *after* the holder of the legal title has executed the trust by conveyance of the property to the beneficiary, the Act of 1901 has no application: *Beman Thomas Co. v. White,* 269 Pa. 261, 263, 264, 112 A. 37, 38; *Burns v. Coyne,* 294 Pa. 512, 517, 144 A. 667, 668; *Malamed v. Sedelsky,* 367 Pa. 353, 355, 356, 80 A. 2d 853, 854, 855. Here the original judgment under which plaintiff claims, entered in 1930, did not become a lien upon any after-acquired property of Cleveland: *General Casmir Pulaski Building & Loan Association v. Provident Trust Co. of Philadelphia,* 338 Pa. 198, 201, 12 A. 2d 336, 337; it was not until 1949 that it became such a lien by reason of its revival by sci. fa., but by that time the conveyance to Edward, the beneficial owner, had been effected.

Decree affirmed, costs to be paid by appellant.