## Foley v. Home Protective Co., Inc.

*Duffy, McTighe & McElhone,* for plaintiffs.

*Wood & Hauser,* for defendants.

KNIGHT, P. J., May 18, 1955.—The complaint sets forth the following facts which for our present purpose must be admitted to be true.

On March 17, 1943, plaintiffs, husband and wife, purchased premises 117 Cynwyd Road, Bala-Cynwyd, and took title as tenants by the entireties.

On July 22, 1948, plaintiffs by deed conveyed the above premises to themselves and Frank X. Foley and Mary Foley Denney as joint tenants with the right of survivorship and not as tenants in common.

When this deed was executed and delivered no consideration was furnished by Frank X. Foley or Mary Foley Denney, and plaintiffs did not intend to vest any present interest in the said Frank X. Foley or Mary Foley Denney; the sole purpose of the conveyance was to put the title in the four names so that in the event of the death of plaintiffs the title would vest in their children without further proceedings. At the time of the conveyance, Frank X. Foley and Mary Foley Denney agreed that they would have no interest whatever in the property and that they would reconvey the same to plaintiffs at any time upon demand.

On February 16, 1954, defendant obtained a judgment against Anthony DeP. Denney and Mary Foley Denney in this court as of February term, 1954, no. 234 in the amount of $16,381.45, which remains unsatisfied. No writ of execution has ever been issued on said judgment.

The transactions which led to the entry of the judgment against Mr. and Mrs. Denney did not involve plaintiffs in any way; defendant did not extend any credit to Mary Foley Denney or rely in any manner

on any supposition that Mary Foley Denney had any interest in the property. In fact, defendant had no knowledge that Mary Foley Denney had any record interest in the property until the same was brought to its attention by counsel for plaintiffs.

On September 28, 1954, by deed recorded in Norristown in Deed Book 2509, page 580, Florence H. Foley, Margaret C. Foley, Mary Foley Denney and Anthony DeP. Denney, her husband, Frank X. Foley and Barbara Foley, his wife, all as joint grantors, granted and conveyed said real estate to plaintiffs as tenants by the entireties.

Plaintiffs filed a complaint in action to quiet title, to which defendant filed preliminary objections and the case came before the argument court.

Our first question is whether Mary Foley Denney held the legal title as a joint tenant as a trustee for these plaintiffs, that is, did the facts as set forth above create an express or implied trust as to the record interest of Mary Foley Denney in the premises in question. It is quite obvious that if plaintiffs were seeking to impose a trust relationship upon Mary Foley Denney, the Statue of Frauds, the parol evidence rule and the Act of April 22, 1856, P. L. 533 would present substantial, if not unsurmountable barriers, but we know of no reason which would prevent Mary Foley Denney from carrying out her parol agreement.

In Kauffman v. Kauffman, 266 Pa. 270-275 (1920), it is said:

"The Statute of Frauds does not prevent a trustee from honestly carrying out his parol agreements, it merely avoids the trust at his option (see note 4 to Dilts v. Stewart, 1 Atl. Rep. 591) ; and, if he choose not to avoid it, his judgment creditor has no standing to complain: Dougherty v. Mortland, 8 Sadler 384; Sackett v. Spencer; 65 Pa. 89, 99; see also Murphy v. Packer, 152 U. S. 398. Such creditor is not protected

by the recording acts and his lien attaches merely to the defendant's interest in the land, and where, as here, the latter is a trustee with no beneficial interest, the land of the cestui que trust is not bound by the judgment. See Sill v. Swackhammer, 103 Pa. 7; Miller v. Baker, 160 Pa. 172; Same v. Same, 166 Pa. 414. 'Judgment creditors are not protected against trusts of which they have no notice, or allowed in equity to hold against the cestui que trust': Shyrock v. Waggoner, 28 Pa. 430."

The lien of a judgment applies only to the estate beneficially owned by the record owner: McCleery v. Stoup, 32 Pa. Superior Ct. 42-46 (1906).

We have then a situation in which Mary Foley Denney advanced no consideration for the conveyance to her in 1948, had no beneficial interest in the premsies described in the deed when the judgment was entered and was under an agreement to reconvey said premises upon request.

Under these facts and circumstances we are of the opinion that Mary Foley Denney was a trustee of the bare legal title of the premises for plaintiffs, her parents, who had the entire beneficial interest and were the real owners.

It is well settled that a judgment lien does not affect the title, where the judgment debtor is a mere trustee: Reed's Appeal, 13 Pa. 475, 478 (1850); Morris v. Ziegler, 71 Pa. 450-453 (1872); Burns v. Coyne, 294 Pa. 512-516 (1928); Davis v. Commonwealth Trust Company, 335 Pa. 387-392 (1939).

We do not think the Act of July 3, 1947, P. L. 1234, cited and relied upon by defendant, changes the situation. This act applies to property "owned by the person against whom the judgment is entered". Mary Foley Denney did not own any beneficial interest in the premises in question when the judgment against

her was entered. We are, therefore, of the opinion that under the admitted facts defendant does not have a lien upon any interest in the premises described in the complaint. This record raises another very interesting question. Assuming that Mary Foley Denney owned a beneficial interest in the property in question at the time that defendant's judgment was entered against her, did said judgment constitute a lien against her interest? It is admitted that Mary Foley Denney was a joint tenant and not a tenant in common. Among joint tenants survivorship is an incident and upon the death of one joint tenant the survivor takes the whole estate in the land. It has been held that the interest of a joint tenant may be seized in execution: Angier v. Worrell, 346 Pa. 450 (1943); McDowell v. Quinn, 70 Montg. 415 (1954).

The interest of a joint tenant can also be seized by an attachment: American Oil Co. v. Falconer, 136 Pa. Superior Ct. 598 (1939). A joint tenancy is severable by the action, voluntary or involuntary, of any one of the parties: Lukac v. Morris, 7 Schuyl. Reg. 241 (1940); Hoffert v. Bastian, 54 D. & C. 146 (1945).

The theory of all the cases seems to be that a voluntary conveyance by one of the parties or the seizure of such interest by attachment or execution works a severance of the joint tenancy and the joint tenants become tenants in common.

The question then arises if the entry of judgment against one joint tenant works a severance if no execution is issued. If it does, then the joint tenancy becomes a tenancy in common and the judgment becomes a lien against the judgment defendant's interest. Counsel have been unable to find one case in Pennsylvania in which the question has been discussed or decided.

In a case decided in 1806, Simpson's Lessee v. Ammons, 1 Binney 175, the Supreme Court held that a mortgage executed by two of three joint tenants is

a severance of the joint tenancy. Here we have an encumbrance working a severance. True, the mortgage was the voluntary act of the two joint tenants, but it would seem to make no difference whether the lien is the voluntary act of the party or obtained by adverse proceedings. We are of the opinion, although we do not decide, that the judgment against Mary Foley Denney worked a severance and would have been a lien on her interest in the property if she had any beneficial interest. We rest our decision, however, on our finding that Mary Foley Denney had no beneficial interest in the property in question.

And now, May 18, 1955, the preliminary objections are overruled and the defendant allowed 20 days to answer on the merits.