## Bowen v. Bowen

*Benjamin Scirica,* for plaintiffs.
*Sidney M. DeAngelis,* for defendant.

FORREST, J., June 22, 1959.—This is an action in ejectment brought by the administratrix, surviving spouse and child of a deceased record owner of certain real estate against the mother of decedent. In her answer, defendant alleges that decedent was entitled to purchase a home under a 100 percent Veterans' Administration mortgage loan, that the property was purchased for the benefit of decedent, his minor child and defendant-mother, but that title was taken in the name of decedent so that the aforesaid mortgage loan could be obtained. Defendant does not allege a written trust within the statute of frauds. She contends that decedent was some unspecified kind of a trustee for defendant, for plaintiff's decedent and minor child. In their reply, plaintiffs deny the averments of the answer

and contend that the agreement of trust alleged by defendant, if true in fact, is unenforceable as a fraud against the Veterans Administration. The jury returned a verdict in favor of plaintiffs, and this motion for a new trial followed.

Defendant's motion assigns the customary reasons, viz., that the verdict was against the law, against the evidence and against the weight of the evidence, and that the trial judge erred in instructing the jury. Also, she has filed additional reasons, assigning error in certain rulings of the trial judge on matters of evidence, and in certain parts of the charge to the jury.

In the event a resulting trust is averred, "The burden of proof [is] upon the claimant . . .": Ruchizky's Estate, 205 Pa. 105, 106 (1903). ". . . there is a strong presumption of right in favor of one in whom the title is lodged by deed; he cannot be deprived of it by anything less than a direct attack made and maintained by clear and consistent proof that the deed, although absolute in form in the supposed vendee, is in reality for the use and benefit of those who claim under the resulting trust . . . the presumption . . . cannot be overcome except by clear, satisfactory evidence to the contrary; it should not be subjected to the peril of attack by evidence of any other character. Every element essential to the existence or creation of a resulting trust in a given case must be made to appear by evidence that is clear, explicit and unequivocal: Earnest's App., 106 Pa. 310": Kern v. Smith, 290 Pa. 566, 571 (1927). See also Specht v. Specht, 67 Montg. 162 (1950). Wosche v. Kraning, 353 Pa. 481, 483 (1946), and Geyer v. Thomas, 364 Pa. 242, 243 (1950), describe the quality of evidence necessary to establish a resulting trust in real estate against the person holding legal title as "clear, precise and indubitable."

In this case there was no evidence that defendant paid all or part of the purchase price. Such payment

was a necessary element of the proof of defendant's claim of a resulting trust. Even if defendant had proved such payment, she would have been confronted with the decisions that ". . . . where a parent furnishes the purchase money and title is taken in the name of a child there is a presumption of a gift . . .": Ehnes v. Yowell, 374 Pa. 17, 19-20 (1953). Defendant nevertheless contends that no such presumption arose in this case or, if it did arise, it was rebutted.

Defendant relies on the law as announced in A. L. I. Restatement of the Law of Trusts 2d §443, and quoted with approval in Honan v. Donaldson, 331 Pa. 388, 390 (1938) : " 'Where a transfer of property is made to one person and the purchase price is paid by another, and the transferee is a wife, child or other natural object of bounty of the person by whom the purchase price is paid, and the latter manifests an intention that the transferee should not have the beneficial interest in the property, a resulting trust arises.' "

Assuming, contrary to the proof, that defendant paid the purchase price and also, contrary to the proof, that defendant manifested an intention that her son should not have the beneficial interest, then except for another feature of this case, now to be mentioned, the verdict of the jury might properly, though not necessarily, have been for defendant.

Defendant's witness, James Mackleer, testified that decedent took title to the real estate, known as 416 Tyson Avenue, and obtained a G. I. loan therefor, that decedent told him that title has been placed in decedent's name, so that decedent could "get a G. I. mortgage for his mother," that in fact decedent was holding the property in trust for his mother, that at about the same time decedent told Mackleer that he never did want the house, but that he obtained the "G. I." loan for his mother and also that decedent

told his wife Audrey that he "was buying" the property for his mother. The whole defense, in brief, is that the deceased son made the purchase for his mother alone *or* for her and others. Plaintiff's reply is that, if the purchase, entailing, as it did, a so-called G. I. mortgage, was for the secret benefit of others than the veteran, it was contrary to public policy and unenforceable by parties to the unlawful transaction.

"To enable the party to show a parol trust, in the face of an absolute deed, the purpose must have been an honest one. Else, by such fraudulent device, a dishonest man would be sure never to lose, and he has the chance of gaining": Murphy v. Hubert, 16 Pa. 50, 55 (1851).

". . . a resulting trust cannot arise from acts contrary to public policy or a statute or in favor of the guilty person out of acts which have their origin in a fraudulent purpose": 89 C. J. S. p. 947, citing Murphy v. Johnson, 54 S.W. 2d 158, 161, 162 (Texas Civ. App., 1932).

"Where a transfer of property is made to one person and another pays the purchase price in order to accomplish an illegal purpose, a resulting trust does not arise if the policy against unjust enrichment of the transferee is outweighed by the policy against giving relief to a person who has entered into an illegal transaction": A.L.I. Restatement of the Law of Trusts 2d §444.

"The remedy of constructive trust has been denied in New York and in Massachusets when the purpose of taking title in a veteran's name, upon his oral promise to reconvey, was to obtain a guaranteed loan under the [Servicemen's Readjustment] Act [of June 22, 1944, 58 Stat. 285, 38 U.S.C. §5012(b)] for one not entitled to its benefits (Dunn v. Dunn, 1 A. D. 2d 888, 149 N. Y. S. 2d 351; Perkins v. Hilton, 329 Mass.

291, 107 N. E. 2d 822, 33 A. L. R. 2d 1281) and specific performance of a somewhat similar agreement has been denied in Georgia (Glosser v. Powers, 209 Ga. 149, 71 S. E. 2d 230). We approve the principle enunciated in those decisions and its application to actions to impress constructive trusts. Any other rule would subvert the purpose of the Act . . . '. . . we think that the act requires a genuine title in the veteran in the beginning, so that he will be in a position to secure for himself the benefit of any subsequent conveyances or trusts which he may see fit to make' ": Towner v. Berg, 5 App. Div. 2d 481, 486, 172 N. Y. S. 2d 258 (1958).

Adopting the rule of the courts in New York and other States mentioned above, we can but conclude that, even if we give defendant the benefit of all facts and inferences favorable to her, and resolve all conflicts of testimony in her favor, she cannot sustain the burden of proof of the affirmative defense which she has raised. Since plaintiff's title is a matter of record and is undisputed, since defendant has failed to show that she advanced any of the purchase money and since defendant is barred from raising the affirmative defense of a constructive trust, the verdict of the jury was manifestly correct and the only verdict which could have been reached properly under the evidence and under the law.

Defendant has taken exception to various rulings of the trial judge on matters of evidence and to parts of his instructions to the jury. It is unnecessary to consider these. Defendant failed as a matter of law to establish her affirmative defense which was the only defense to this action. She could not improve her case even if she were granted a new trial.

And now, June 2, 1959, defendant's motion for new trial is overruled, and the prothonotary is directed

to enter judgment on the verdict upon payment of the verdict fee.